[No. 2,999.]

# IN THE MATTER OF THE ESTATE OF JOSEPH MARIE GASQ, DECEASED.

ALLOWANCE OF ATTORNEY'S FEES IN SETTLEMENT OF ESTATES.—A ruling of a Probate Court, in fixing the amount of compensation to be allowed an administrator in payment of counsel in the settlement of an estate, will not be disturbed, unless there is a plain abuse of discretion.

ADMINISTRATOR USING ESTATE FUNDS CHARGEABLE WITH INTEREST.— Where an administrator did not keep the funds of the estate separate from his own money, but used them for his own purpose; *held*, that he was properly chargeable with interest.

APPEAL from the Probate Court of the City and County of San Francisco.

Letters of administration upon the estate of the deceased were issued to William A. Quarles, Public Administrator of the City and County of San Francisco, in November, 1868. In April, 1871, he filed his account, in which, among other things, there was a charge of one thousand dollars in favor of his attorney in settlement of the estate. Exceptions were made to this account by the heirs at law, on the ground that one thousand dollars, or any sum in excess of two hundred and fifty dollars, was an unreasonable compensation for an attorney under the circumstances, and, it appearing that the Administrator had used the funds of the estate for his own purposes, that he should be charged with interest. The Court found that the charge in favor of the attorney was excessive, and reduced his compensation to five hundred dollars; and the Administrator was required to pay interest on the amount in his hands due the estate. From the order to this effect the Administrator appealed.

*Bartlett & Pratt,* for Appellant.

The item of one thousand dollars to the attorney should have been allowed. The payment was made in good faith, and could not be recovered back by the Administrator from

the attorney. It would be unwise to compel administrators to accept the cheap services of poor attorneys by too rigidly scrutinizing the fees paid.

The Administrator should not have been charged interest. It was his duty to keep the funds of the estate in hand, ready to meet any emergency. During that time he could not put the funds to earning anything for the estate. Neither does it appear that during that time the Administrator used the funds in any way; and in the absence of such express proof and finding, the presumption is strong that he properly performed his official duty, and held the funds in reserve for such exigencies as might arise. It does not follow because the Administrator, after the expiration of the year, used the funds for his own purposes, that he should, therefore, be charged interest during that year.

*Sawyer & Myrick*, for Respondents.

The findings of the Court on the attorney's fee, and on the question of interest, were conclusive. Witnesses were examined, and the action of the Court was based upon the testimony given. The Administrator, in paying the attorney one thousand dollars, assumed the risk of its being allowed.

In reference to the question of interest, it appears that the Administrator did not keep the estate funds separate from his own, but used them for his private purposes, even during the first year. He did not keep the funds on hand at all, but put them out at once, as soon as he received them. He cannot use the moneys of the estate without being charged with their use. (2 Redfield on Wills, 882, 886; *Utica Ins. Co.* v. *Lynch*, 11 Paige, 520.)

By the Court, TEMPLE, J.:

This Court will not reverse the ruling of the Probate Court in fixing the amount of compensation, which it would be proper to allow the Administrator in payment of counsel in the settlement of the estate, unless there is a plain abuse of discretion. Such matters are peculiarly within the knowledge of the Probate Judge, and it is very difficult for this Court to form any satisfactory conclusion upon the subject.

It is found that the Administrator had not kept the funds of the estate separate from his own money, but had used them for his own purposes. He was, therefore, properly chargeable with interest. (*Utica Ins. Co.* v. *Lynch,* 11 Paige, 525.)

Order affirmed.