ESTATE OF THOMAS H. BLYTHE, DECEASED (NO. 2).

[No. 2,401; decided January 6, 1885.]

Attorney for Absent Heirs—Power to Appoint.—Under section 1718, Code of Civil Procedure, the probate court has power to appoint an attorney for absent or unrepresented heirs of a decedent.

Attorney for Absent Heirs—Discretion in Appointing.—Although the probate court has power to appoint an attorney for unrepresented heirs of a decedent, the power should be prudently and discreetly exercised, in the interests of the estate and of all concerned. The rule is, never to make such an appointment unless the necessity is manifest.

Attorney for Absent Heirs When no Known Heirs.—The probate court generally refrains from appointing an attorney for unrepresented parties when there are no known heirs; not doubting its power, but questioning the expediency of its exercise in such cases.

Attorney for Absent Heirs—Compensation.—An attorney appointed to represent heirs is entitled to an allowance at any time after services rendered, and during the administration. An application for such an allowance before final settlement of the estate is not premature.

Attorney for Absent Heirs.—The Compensation of an Attorney appointed by the court to represent heirs must be paid out of the estate, as necessary expenses of administration. Upon distribution of the estate the attorney's fee may be charged against the party represented by him.

This was a demurrer to an application by Jno. C. Burch, appointed by the court to represent absent and unrepresented heirs, for an allowance of $1,750, on account of services performed by him under the appointment. It was claimed that such an allowance could not be granted during the administration—not until distribution of the estate; hence the demurrer.

T. I. Bergin, W. H. H. Hart, and D. McClure, for demurrant.

Jno. C. Burch, for claimant, in pro. per.

COFFEY, J. This court was rather reluctant to make any appointment in the first instance, but upon motion of one of the many attorneys for the numerous claimants, none of the other attorneys dissenting audibly, or objecting other-

wise until now, the appointment was made of a competent and reputable practitioner at this bar. This court never makes such appointments unless the necessity is manifest.

The court has the power to make such appointment under section 1718, Code of Civil Procedure, although it is a power that should be prudently and discreetly exercised, with a view to the conservation of the estate and of the interests of all concerned in it; and this court trusts it has so exercised the power conferred upon it by the code in this as in other instances. The court has in most cases refrained from appointing attorneys where there were no known heirs, not doubting its power, but questioning the expediency of its exercise in such cases; but in some other cases the result of the appointment was the discovery of true heirs, who, except for the action of the court, might have lost their inheritance. That the power resides in the court to make such appointment is hardly dubitable: Stuart v. Allen, 16 Cal. 504, 76 Am. Dec. 551; Estate of Gasq. 42 Cal. 288; Estate of Simmons, 43 Cal. 547; Gurnee v. Maloney, 38 Cal. 87, 99 Am. Dec. 352.

This application is not premature. The attorney is entitled to an allowance at any time after services rendered: Estate of Simmons, 43 Cal. 543.

The attorney may receive a fee, to be fixed by the court, for his services, which must be paid out of the funds of the estate as necessary expenses of administration, and upon distribution may be charged to the party represented by the attorney: Code Civ. Proc., sec. 1718.

The fee may be "paid" at any time prior to the "distribution," and then "charged" to the party represented: Estate of Garraud, 36 Cal. 278.

Mr. Burch was appointed according to law; has rendered services to the estate in pursuance of such appointment, and is entitled to compensation therefor; the measure of which compensation was referred to the referee, from whom it was temporarily taken by the order of suspension of his proceedings, and to whom it should now be restored. Let it be restored; and the referee is ordered to take testimony in this regard and report thereupon at his convenience.