[S. F. No. 3788.　Department Two.—September 1, 1904.]

In the Matter of the Estate of SIMON STRAUS, Deceased. GEORGE B. MOWRY, Executor, Appellant, v. ARTHUR STRAUS, Respondent.

ESTATES OF DECEASED PERSONS—PARTIAL DISTRIBUTION—CONDITION OF ESTATE—COMMISSIONS AND ATTORNEY'S FEES.—A partial distribution of the estate of a deceased person is justified where it appears to the court that all of the debts of the estate have been paid, that a large sum is in the hands of the executor, that the petitioner is assignee of the widow, that no distribution had ever been before made to the widow or her assignee, and that the sum distributed could be paid without injury to the estate, and that after such payment more than enough would remain in the executor's hands to pay his commissions, with a reasonable attorney's fee, and the charges of closing the estate.

ID.—MODE OF DETERMINING COMMISSIONS AND FEES.—The commissions to which an executor is entitled is a matter of pure computation, based on the amount of the estate accounted for by him. The allowance to be made to the attorney for the executor as a reasonable fee is a matter of discretion, and may be determined by the knowledge and experience of the court, without evidence of a professional nature.

ID.—CARRYING ON BUSINESS BY EXECUTOR—PROFITS TO ESTATE—CONTROVERSY NOT SHOWN BY RECORD.—Where it appeared that the executor had carried on the business of the deceased, and had earned profits, which were returned as part of the estate, this court cannot consider a suggestion of a controversy between himself and respondent as assignee of the sole devisee over the business of the deceased continued by him as executor, determinable only in equity, where no such objection was raised in the lower court or appears in the record upon appeal.

APPEAL from an order of the Superior Court of the City and County of San Francisco for partial distribution of the estate of a deceased person. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

R. Percy Wright, for Appellant.

No plenary showing was made by the applicant for partial distribution, such as is required. (*Estate of Painter*, 115 Cal. 535.) The expenses of the executor in carrying on the business and the detailed account of its management are no part of his account as administrator, but are the subject of an ordinary action. (*Estate of Rose*, 80 Cal. 166; *In re Haas*, 97 Cal. 232, 234; *Haverstick* v. *Trudel*, 51 Cal. 431, 433; *Reither* v. *Murdock*, 135 Cal. 197, 207; *Curtis* v. *Schell*, 129 Cal. 208, 220.[1])

Frohman & Jacobs, for Respondent.

The executor is entitled to commission only upon such property as belonged to the estate, and for which he would be chargeable in his account. (*In re Delaney*, 110 Cal. 563, 566; *In re Ricaud*, 70 Cal. 69.) Commissions cannot be allowed upon the gross receipts of a business, but only on the net income. (*Beard* v. *Beard*, 140 N. Y. 260; *Jones* v. *Jones*, 39 S. C. 247.) If the executor is entitled to any allowance

---

[1] 79 Am. St. Rep. 107.

for carrying on the business, it could only be for extraordinary services. (*Dwyer* v. *Kalteyer,* 68 Tex. 554, 564.) No objection was made in the court below as to any controversy in equity, and none can be urged upon appeal. (*In re Thompson,* 101 Cal. 349; *In re Clary,* 112 Cal. 292.)

LORIGAN, J.—Letters testamentary were granted to the appellant, George B. Mowry, as executor of the will of deceased, on April 9, 1895, and by the terms of the will all the estate of decedent was left to his widow. At the time of his death the deceased was engaged in the hide, skin, and tallow business, which business, together with some money on deposit in bank and solvent debts, represented the whole of his estate, which in its entirety was appraised at the sum of $4,118.78.

After his appointment, the executor, for about a year, continued actively to manage and conduct the business of the deceased, finally closing it up in February, 1896, after realizing for the benefit of the estate some $6,800 profit.

No account or exhibit in the estate was ever filed by the executor until March 20, 1903, some eight years after the grant of letters, and many years after the estate (if not practically ready for settlement and distribution) could, at least, have easily and readily been placed in such a condition, and this account was only presented upon citation requiring the executor to do so.

The account as filed set forth in detail the conduct of the business of the deceased by the executor, above referred to, his receipts and disbursements therein, and the amount realized as above stated for the benefit of the estate, with matters relating to the condition of the estate generally, and from all of which it appeared that the executor then had in his hands, and had had for at least seven years, $3,317.98 belonging to the estate.

Upon the filing of the account, the widow of the deceased having assigned all her interest in the estate to her son, the respondent in this appeal, the latter, on April 9, 1903, duly applied for a partial distribution to him of the moneys of the estate, to the extent of two thousand dollars.

The application coming on for hearing, the court found that all the debts of the estate had been paid; that there was

at least the above amount remaining in the hands of the executor, and that it had been there for over seven years; that no distribution of any part of the estate had ever been made to the widow, or respondent, as her assignee; that fifteen hundred dollars could be allowed and paid respondent without injury to the estate, and that after such payment there would remain in the hands of the executor more than enough money to pay his commissions, together with a reasonable attorney's fee and the charges of closing the estate.

An order was accordingly entered directing such payment, and it is from this order that the executor appeals, his principal ground of complaint being, that there was no evidence to justify the court in finding and determining that enough money would be left in his hands to pay his commissions, attorney's fees, and other administration charges, after the distribution of the fifteen hundred dollars ordered; or that the sum of $3,317.98 in his hands was any more than sufficient to pay such commissions, attorney's fees, and charges. We perceive no merit in this contention. While it is true that the allowance to be made for commissions, attorney's fees, and charges to close the administration cannot be definitely fixed until the final settlement of the account of the executor, yet, in ascertaining whether a partial distribution shall be ordered, and for the purpose of fixing the amount thereof, it is necessary for the court to take these matters into consideration, and determine them upon proper *data* furnished at the hearing of the application.

Upon the hearing at bar the court had ample *data* upon which to properly determine all these matters.

The commissions to which an executor will be entitled are purely a matter of computation and are based (Code Civ. Proc., sec. 1618) on the "amount of estate accounted for" by him. The allowance which shall be made for attorney's fees is largely in the discretion of the court, and is estimated upon the services which are necessarily, and properly, rendered to the executor in the administration of the estate.

The account filed by the executor immediately prior to the hearing for partial distribution, while not so denominated, was, for all practical purposes, a final account, and it, together with the accompanying exhibit, the inventory and appraisement and the general proceedings in the estate, sup-

plemented by the evidence upon the hearing, provided sufficient *data* from which the court could determine what would be a prudent, safe, and proper amount to be retained by the executor to meet payment of his commissions, attorney's fees, and expenses to be allowed on final settlement.

The distribution of fifteen hundred dollars, as ordered, left in his hands the sum of $1,817.98 to be ultimately applied for those purposes.

Now as to commissions: If the appellant is conceded the most favorable basis he can reasonably claim for their computation, and it be assumed that he would account on final settlement for all the estate as inventoried and appraised—$4,118.78—this, together with the $6,800 profit in carrying on the business of the estate, would make the total value of the estate to be accounted for by him $10,918.78. His commissions, computed under the code (Code Civ. Proc., sec. 1618) upon this basis, would be $556.75. And assuming further (which we do not decide) that he would be entitled to a compensation for extraordinary services under the same code section,—"one half the amount of commissions allowed by this section,"—this would bring his commissions up to $835.12, and would be the largest amount of commissions under any circumstances he could obtain. Deducting this from the amount which after partial distribution the executor would still retain in his hands, would leave $982.86 to meet any allowance for attorney's fees and expenses of closing the estate. This latter the lower court could readily know from its experience in such matters, and, considering the few remaining steps required to be taken to close the estate, which consisted solely of personal property, would necessarily be small.

As to attorney's fees: The court, as we have above indicated, had before it sufficient *data* from which to determine what would in all probability be a reasonable compensation and the amount to be retained by the executor sufficient to meet its payment. It was not necessary that any evidence of a professional nature should have been introduced upon this subject. All the proceedings in the estate and all matters in which the executor could have enlisted or required the services of an attorney were before the court, and from these the court of its own knowledge and experience could deter-

mine what would be a reasonable fee. (*Estate of Dorland,* 63 Cal. 281; *Freese* v. *Pennie,* 110 Cal. 469.)

And from the *data* before the court on this branch of appellant's claim, as it appeared therefrom that all that was done in the estate, for which attorney's fees could be obtained, was to probate the will, give notice to creditors, prepare and file an inventory and appraisement and an account and exhibit, it is preposterous to even suggest that such services were inadequately provided for by the reservation of a fund of some nine hundred dollars which might be devoted to that purpose.

We are unable to find anything in the record on this appeal which even tends plausibly to sustain any of appellant's contentions. He knew when the application for partial distribution was made that it devolved upon the court to determine what sum could be prudently distributed, so as to leave a sufficient amount to protect him in his claims against the estate, and that the ascertainment of his probable commissions and attorney's fees was to the court and himself an important and essential factor to a correct determination in this respect. He knew that the *data* which the court had before it were ample to ascertain what his commissions would be, and to fix the compensation of his attorney, and that, in the absence of some evidence or suggestion of a different or additional condition of things, the court would act upon that *data.* In the face of this knowledge the record does not disclose that he raised any protest against the distribution as prayed for, or in any manner objected or resisted it. And although a witness at the hearing, not even an intimation was made by him that the court did not have before it all the information and evidence which was necessary, or could be presented in the case, so as to fairly and justly estimate the probable amount of these allowances. The objections which he now urges seem to have been reserved for presentation here, but we cannot perceive any ground upon which they are tenable.

While attacking the decree of partial distribution for insufficiency to sustain the findings in the respects above indicated, the appellant likewise makes the additional point that the lower court sitting in probate had no jurisdiction of what he terms a controversy between himself and the respondent,

as assignee of the sole devisee under the will, over the profits of the business of the estate formerly conducted by the deceased, and continued by himself after he became executor; that such controversy could only be determined in a civil action prosecuted in a court of equity for that purpose.

No such objection to the jurisdiction was urged in the lower court, for the manifest reason that the record discloses that no such controversy over the profits made in the previous conduct of the business existed. The account filed by him under consideration was for the purpose of showing the condition of the estate of deceased, and was accepted by both the appellant and respondent for the purpose of the application here involved as true; in it appellant admits that all the moneys received and expended by him, and which mainly relate to the prosecution by him of the business, were received and expended by him as executor; that in the conduct of such business as executor he made a profit of $6,800, and held as executor a balance of $3,317.98 as moneys of the estate. There is no pretense anywhere in the record that there was any controversy over these profits, or that under the rule as laid down in *In re Rose,* 80 Cal. 166, they were not properly returned as assets of the estate in which the estate alone had an interest. His suggestion of a controversy, cognizable alone in equity, finds no support anywhere in the record.

None of the points presented by appellant have any merit, and his appeal in this matter we deem frivolous. Its only tendency has been to further delay the right of the respondent under the partial distribution to enjoy the benefit of the testator's estate, the general distribution of which the appellant, without excuse or justification, had theretofore unnecessarily and inexcusably delayed for upwards of seven years, and he should be made responsible in damages for the additional delay in distribution which he has by this appeal occasioned.

The order appealed from is affirmed, with one hundred dollars damages chargeable against the appellant personally.

McFarland, J., and Henshaw, J., concurred.