RICHEY, ADMINISTRATOR, *v.* CLEET ET AL.

[No. 7,139. Filed July 1, 1910. Rehearing denied September 27, 1910.]

1. APPEAL.—*Parties.*—*Executors and Administrators.*—*Reports.*—*Exceptions.*—Where an administrator filed his final report asking for an allowance for services, as well as for the services of his attorneys, and the court reduced the amounts asked, his motion for a new trial, as administrator, based on such reductions, presents no question, on appeal, the estate being benefited by such ruling. p. 329.

2. APPEAL.—*Parties.*—*Attorneys.*—*Services.*—*Administrators.*—*Reports.*—Where an administrator, in his final report, seeks a certain allowance for attorneys' fees, and the court allows a part of the desired amount, such attorneys have no right to assign errors thereon, on appeal. p. 329.

3. APPEAL.— *Weighing Evidence.*— *Attorney and Client.*— *Fees.*— The Appellate Court will not weigh conflicting evidence as to the value of attorneys' fees, nor, ordinarily, disturb an order of allowance made by the trial court, such matter being largely one of discretion. p. 330.

4. EXECUTORS AND ADMINISTRATORS.—*Contracts.*—*Obligation of.*— *Attorneys.*—Contracts between an administrator and his attorneys are not binding unless authorized by the court, and for an attorney to recover thereon he must show that such contract was just and beneficial to the estate. p. 330.

5. EXECUTORS AND ADMINISTRATORS.— *Distribution.*— *Order for.*— *Failure to Move to Modify.*—The failure of a widow to object or except to the order of distribution made of the fund in the hands of an administrator precludes her from presenting any question thereon, on appeal. p. 330.

From Probate Court of Marion County (Estate No. 5,871) ; *Frank B. Ross,* Judge.

Final report of William H. Richey, as administrator of the estate of Perry L. Richey, deceased, to which Nora Cleet excepts. From a judgment for the exceptor, the administrator appeals. *Affirmed.*

*Charles B. Clarke* and *Walter C. Clarke,* for appellant.
*Walter L. Carey,* for appellees.

RABB, J.—Appellant was duly appointed administrator of the estate of Perry Lee Richey, and on May 26, 1908, filed in the court below his final report, as such administrator, in which report he showed that the only money received by him was the sum of $2,978.75, the proceeds of a judgment recovered by him, as such administrator, against a railroad company for negligently causing the death of appellant's intestate, and that the intestate left surviving him appellee Nora Cleet, his widow, and stated facts which, if true, would preclude her from any share in said fund. It was also averred in said report that said intestate left surviving him his mother, who was dependent upon him for support. It contained a lengthy recital of services rendered for such administrator by certain named attorneys, and averred generally that appellant had spent a great deal of time and la-

bor, and had been compelled to spend a large sum of money in prosecuting the action against the railroad company, without setting out a detailed account of his time or expenditures. He asked that he be allowed for his services the sum of $400, and that his attorneys be allowed one-half of the amount in his hands, that being the amount which he had contracted to pay them at the time of their employment. The report asked that, after the payment of the expenses of the administration, the remainder of the fund be paid to the mother of the intestate.

Appellee Nora Cleet appeared and filed her petition, or exception as it is called, averring that she was the widow of the intestate, and was supported by him at the time of his death; that she, in addition to the attorneys employed by the administrator to prosecute the action against the railroad company, had also employed an attorney, and that the attorney thus employed by her had rendered services in the prosecution of said action. She set forth a lengthy detailed account of the services rendered by him, and asked that her said attorney be allowed to share in the amount allowed as attorneys' fees, and that the remainder of the fund for distribution be paid to her.

Upon the hearing the court overruled the exception, as it was termed, to the report, and made a finding to the effect that the intestate left surviving him, as his next of kin, appellee Nora Cleet, his widow, and Virginia Richey, his mother. The court made an order allowing the administrator $200 for his services, and $1,300 for attorneys' fees, which last amount was directed to be equally divided among the five lawyers appearing in the prosecution of the action against the railroad company. The report of the administrator was approved, and a distribution of the funds ordered—one-fourth to be paid to Virginia Richey, mother of the intestate, and three-fourths to appellee Nora Cleet, his widow. No exception was taken by either party to this order of the court.

Appellant, as administrator of the estate, filed a motion for a new trial, each of his attorneys filed separate motions for a new trial, and appellee Nora Cleet filed a separate motion for a new trial, all of which were overruled.

In this court, William H. Richey, as administrator of the estate of his intestate, assigns as error the overruling of his motion for a new trial and that of his attorneys, and each of his attorneys assigns as cross-error the overruling of his separate motion for a new trial. Appellee Nora Cleet assigns as error the overruling of her motion for a new trial, the overruling of her exceptions to the report of the administrator, the action of the court in confirming the administrator's report, and in ordering the payment to Virginia Richey of one-fourth of the amount on hands for distribution. No reversible error is presented by these assignments of error.

It is to be observed that it is not William H. Richey, personally, who asked for a new trial, or who is complaining in this court, by assignment of error, of any action of the court, but William H. Richey, as the representative of the estate of the decedent. The estate of the decedent was not harmed by the rulings of the court complained of. The rulings were beneficial to the estate, and detrimental to William H. Richey personally and to his attorneys. Upon the question of the allowance for services to an administrator and to his attorneys, the administrator represents himself and not the estate. His interests are antagonistic to those of the estate, and, therefore, neither his motion for a new trial, nor his assignment of errors presents any question. *Moore* v. *Ferguson* (1904), 163 Ind. 395. The attorneys who have assigned errors here upon their own account were not parties to the proceeding before the lower court. No judgment was rendered or could be rendered in their favor or against them. The court, in the exercise of its discretion, was called upon to make an allowance for attorneys' fees. This it did,

by fixing a certain allowance to be paid by the administrator. The court directed to whom the allowance should be paid, and the manner of its distribution. Had the attorneys filed claims against the estate and been properly in court, and had the allowance been made upon their claims, and the question of the correctness of the court's ruling properly before us, we could not disturb the allowance made by the court. The matter of such allowance is largely in the discretion of the court. The court is not bound by any contract made between the administrator and his attorneys, unless such contract has been specifically authorized by the court; and before an administrator or his attorney can claim to be allowed for such services, under a contract, it is essential that it be shown that the contract was reasonable and just to the estate. The action of the probate court, in refusing to recognize a contract made in advance of the performance of services by an administrator with attorneys, by which he contracts to give to the attorneys one-half of the entire amount that shall be allowed to the surviving widow or other dependents for the death of his intestate, will not be disturbed by this court. *Hudspeth* v. *Kitchen* (1910), 45 Ind. App. 524.

Under the cross-errors assigned by appellee Nora Cleet, she undertakes to call in question the order of the court giving to the mother of the intestate one-fourth of the amount on hand for distribution. If the question were properly presented, authority might be found to sustain her contention, but the question is not presented by the record. No exception was taken by appellees to the order of the court directing the distribution of the fund, and as no objection or exception was thus taken to the action of the court below, none can be raised here. *Ludlow* v. *Walker* (1879), 67 Ind. 353; *Hörmann* v. *Hartmetz* (1890), 128 Ind. 358; *American Ins. Co.* v. *Gibson* (1885), 104 Ind. 336, and cases cited.

Judgment of the court below affirmed.