Matter of the Judicial Settlement of the Accounts of EVELYN B. BURDEN and I. TOWNSEND BURDEN, as Executors under the Last Will and Testament of I. TOWNSEND BURDEN, Deceased.

(Surrogate's Court, Rensselaer County, January, 1917.)

Executors and administrators — commissions of, how computed — trusts — wills — when claim for commissions denied.

The commissions of executors can be computed only on money received and paid, and where testator bequeathed to his wife and son and the survivor of them, in trust for certain purposes, corporate stock which they as executors transferred to themselves as trustees, their claim for commissions on the value of the stock must be denied.

PROCEEDINGS upon the judicial settlement of the accounts of executors. Claim for executors' commissions on corporate stock.

Le Roy D. Ball, for executors.

Thomas F. Phelan, special guardian, for minors.

Misc.] Surrogate's Court, Rensselaer County, January, 1917.

McChesney, S. The testator nominated his wife, Evelyn Byrd Burden, and his son, I. Townsend Burden, Jr., as executors of his will and in and by paragraph numbered " fourth " thereof he bequeathed to the same individuals and the survivor of them, in trust for certain purposes thereinafter set forth, all his shares of stock in the Burden Iron Company. Both individuals named qualified as executors and the day after qualifying they as executors transferred the said shares of stock to themselves as trustees. They have since held and still hold the same in trust pursuant to the terms of the will and on the judicial settlement of their accounts as executors claim executors' commissions on the value thereof. This claim is contested by the special guardian.

The duties of these individuals as executors were entirely separate and distinct from their duties as trustees. They recognized that fact by the almost immediate transfer of the stock. They as trustees are the legatees of the stock. It was bequeathed to them as trustees and the title is vested in them as such for the purposes of the trust and during its lifetime. *Matter of Logan,* 131 N. Y. 456, 459.

So far as the executors are concerned it is a specific legacy to the trustees and the executors are not entitled to commissions thereon. *Matter of Logan, supra; Schenck* v. *Dart,* 22 N. Y. 420, 434.

In receiving this stock and delivering the same to the trustees the executors have neither received nor paid out any sum or sums of money. The bequest was of stock which the testator had owned for a long time and which he wished kept for the purposes of the trust. The executors performed their whole duty in transferring it to the trustees but in so doing did not earn executors' commissions which can be computed only on

money received and paid. Code Civ. Pro. §§ 2730, 2753; *Hall* v. *Tryon*, 1 Dem. 296; *McAlpine* v. *Potter*, 126 N. Y. 287, 290.

The claim of the executors for commissions on this stock so bequeathed to the trustees by paragraph numbered " fourth " is, therefore, denied.

The special guardian is entitled to costs of contest to be paid out of the estate and the executors are entitled to an allowance. The costs and allowances to be settled in the usual manner.

Decreed accordingly.