IN RE ESTATE OF WILHELMINE THIEDE.
EMILIE PERLEBERG ET AL., APPELLANTS, v. H. D. DEILY
ET AL., APPELLEES.

FILED NOVEMBER 16, 1918. No. 20140.

1. **Appeal: DISMISSAL: NONRESIDENT ALIEN ENEMIES.** An appeal taken from the district court to this court will not be dismissed because

the defendants or parties in the attitude of defendants, taking the appeal are nonresident alien enemies.

2. **Executors: Attorney's Fees.** Evidence examined, and *held*, that $3,000 allowed by the executors of an estate for services of attorneys, acting in behalf of the executors in the administration of the estate, was excessive and unreasonable.

Appeal from the district court for Cuming county: Andrew R. Oleson, Judge. *Reversed, with directions.*

*S. L. Geisthardt*, for appellants.

*Hugo M. Nicholson, S. Laut* and *Burkett, Wilson & Brown, contra.*

Cornish, J.

We have first to rule upon defendants' (appellees') motion that the plaintiffs' appeal be dismissed for the reason that they are nonresident alien enemies. From the precedents in such cases, it appears that alien enemies are not permitted to resort to the courts of this country as plaintiffs. They may, however, be made defendants. In the instant case, in the trial court they were in the attitude of defendants. The contention is that in the act of appealing to this court their attitude changes; they become the moving party, like the plaintiff, in commencing an action. The rule does not go so far. If we give the alien enemy any we should give him all the rights of a defendant. To do less might be unjust as well as ungenerous. When he is required, as well as permitted, to enter the precincts of the tribunal of justice, the courts must, for their own honor, award him nothing short of a trial according to law, as finally decided. *McVeigh v. United States*, 11 Wall. (U. S.) 259; *Porter v. Freudenberg*, Ann. Cas. 1917C, 215, 223, 224, (1 K. B. Div. 1915 (Eng.) 857); *Taylor v. Albion Lumber Co.*, L. R. A. 1918B (Cal.) 185, and note.

The executors of the will in their final report charged against the estate $3,000 for attorneys' fees, expended

in the course of the administration of the estate. The amount of the fee was objected to as excessive and unreasonable. The county judge fixed the amount at $1,000. An appeal was taken to the district court, where the amount was fixed at $3,000, from which judgment an appeal is taken by the legatees to this court. The estate consisted of $3,257.58 in cash; $4,000 in good notes; 360 acres of land, two lots and dwelling house, valued at $60,325.70. The executors were directed by the will to convert the property into cash, and so did. It appears that the attorneys advised with and represented the executors in all legal matters pertaining to the estate, covering a period of over three years. They prepared some 25 instruments and orders necessary in the administration; in connection with an attorney for the legatees, procured a reduction in claims from $2,210 to $1,105; drew contracts for the sale of land, and, when purchasers made objection showing defects in the title, they obtained quitclaims and affidavits, later bringing a suit to clear up the title. Failing in this action to make the title satisfactory to the purchaser, the matter was settled by allowing the purchaser $200. They frequently advised the administrator and wrote not less than 50 letters in the course of their work. No contested cases arose, nor were any difficult or important questions of law raised, involving considerable labor. A trip from Cuming county to South Dakota to procure affidavits in perfecting title was required. While the services of an attorney were unquestionably needed and considerable work was done, yet the administration of the estate ran its course without requiring any extraordinary services in behalf of the administrator.

Administrators have the right, in the exercise of a reasonable discretion, to employ attorneys when their services are needed. The liability for the services is a personal one until the probate court, finding that the

charge made is a reasonable one, allows it as a part of the executor's account with the estate for expenses incurred. In determining what is a reasonable fee, we should take into account the amount of the property involved; the responsibility involved; the questions of law raised, whether intricate and difficult; the time and labor required for performing the services; the result thereof; together with the testimony of experts as to value. When the estate is a large one, honest as well as efficient service is always needed, and something must be paid for it, aside from the amount of labor required. Attorneys testifying as experts placed the value at from $600 to $1,000, on one side, and from $3,000 to $3,500, on the other. We are of opinion that $3,000 was in excess of what would be a reasonable fee for the services performed, and that the sum should not be more than $2,000.

The county court allowed the executors $400 for their services. No appeal was taken from this order. The trial court, apparently upon its own motion, allowed the executors an additional sum of $250 for services pending the appeal. The court should allow no additional fee on account of the prosecution of this case by the executors.

The judgment is reversed and the cause remanded to the district court, with directions to enter judgment in the sum of $2,000, in accordance with this opinion.

REVERSED.