HAMMERS, EXECUTRIX, v. HAMMERS.

[No. 11,022. Filed November 18, 1922. Rehearing denied January 31, 1922. Transfer denied November 23, 1922.]

1. EXECUTORS AND ADMINISTRATORS.—*Exceptions to Executor's Final Report.—Appeal.—Parties.*—Where an executrix filed a final report showing that she was the widow and sole heir of decedent, and another filed exceptions to the report setting out that she had been married to decedent prior to his marriage to the executrix and that such prior marriage had never been legally dissolved, and that she was, therefore, entitled to decedent's property, the court had jurisdiction of an appeal taken by the executrix in her capacity as such, and the appeal will not be dismissed. p. 54.

2. EXECUTORS AND ADMINISTRATORS.— *Exceptions to Final Report.—Burden of Proof.—Divorce of Decedent from Claimant.*—Even though, on exceptions to the report of an executrix involving a contest between two alleged wives of decedent, the burden was upon the first wife to prove that her marriage to decedent had never been legally dissolved, thereby making the second marriage invalid, the burden must be discharged by negative proof, and as such it need not be plenary. p. 54.

3. EXECUTORS AND ADMINISTRATORS.— *Exceptions to Final Report.— Findings.— Evidence.— Sufficiency.*— On exceptions to final report of an executrix involving a contest between two alleged wives of decedent, evidence *held* sufficient to warrant a finding that decedent had not been divorced from the first wife. p. 54.

4. APPEAL.—*Questions Reviewable.—Matters not Affecting Appellant.*—The question whether money collected by an execu-

trix under the federal Employers' Liability Act (§§8657-8665 U. S. Comp. St. 1916), for death of testator, and which, on exceptions to the final report of executrix, it was adjudged the widow was entitled to have paid to her, belongs to the widow, or to her and her children, need not concern the executrix, and will not be considered on appeal, as she can pay the money into court and be relieved of further liability. p. 55.

From DeKalb Circuit Court; *Dan M. Link,* Judge.

Proceedings on exceptions by Susan Hammers to the final report of Carrie Hammers, executrix of the will of Edward Hammers, deceased. From a judgment in favor of the exceptor, the executrix appeals. *Affirmed.*

*Mountz & Brinkerhoff,* for appellant.

*W. W. Sharpless, Henry C. Springer* and *W. D. Stump,* for appellee.

NICHOLS, P. J.—This is an action arising out of exceptions filed by the appellee to the final report of Carrie Hammers, executrix of the will of Edward Hammers, and appellant herein. The question to be determined is which of the two parties, Susan Hammers or Carrie Hammers, is the legal widow of Edward Hammers, deceased.

The appellant herein as executrix of said will filed her final report in the DeKalb Circuit Court in which she represented to the court that she was the widow and sole heir at law of said deceased, and the sole beneficiary under his will; that she had taken possession of all the property, both real and personal and paid all debts of the estate and that in addition she received as personal representative $4,000 from the Baltimore and Ohio Railroad Company for the wrongful death of the decedent; that she has paid said sum to herself as such widow.

Appellee filed her exceptions to said final report and set out in substance that she was legally married to the deceased at Huntington, Pennsylvania, in 1879, and that there were four children born to the union; that in 1885

the said Edward Hammers deserted appellee and her four children and had not since that time returned; that the marriage between appellee and said deceased was never dissolved and that appellee was at the time of his death his legal wife and is now his legal widow; that as his lawful widow she is entitled to one-third of the value of the real estate, the widow's $500, and the $4,000 recovered for his wrongful death, which the executrix held in trust for the persons entitled to it under the law. Appellee then asks the court that appellant be required to amend her report showing a proper distribution of the funds and property to the legal heirs; originally children and grandchildren of the deceased were also exceptors, but all exceptors except appellee dismissed their exceptions. The court by its findings found in substance that appellee was legally married to the deceased, that the said marriage had never been dissolved, that she is his lawful widow and entitled to her share in his estate as such widow, and stated as its conclusions of law: (1) That appellee is entitled to receive and have paid over to her by said executrix, the said $4,000; (2) that she is entitled to receive from the executrix $500 as the widow's allowance from the estate of her deceased husband and also to recover one-third of the real estate and one-third of the personal property, left after paying the widow's allowance and the debts of said estate and expenses of administration; (3) that the report of the executrix should be set aside, and that the executrix should proceed to settle said estate in accordance with such findings and conclusions and file her report accordingly, and charge herself with the $4,000 received by her for the wrongful death of said Edward Hammers, as belonging to appellee.

To the writer of this opinion it is apparent that the estate of Edward Hammers, deceased, has no interest

in this controversy, and that Carrie Hammers as the executrix of such will, and in her representative capacity, has no question to present on appeal. The real issue is between Carrie Hammers in her individual capacity and appellee. But Carrie Hammers in her individual right has taken no exceptions to the rulings of the court adverse to her interest, and she is not in her own right a party to this appeal. The decision of the court does not in any way affect the estate; it only determines the question as to who the beneficiaries are, and in this question the estate has no interest. The real party in interest, Carrie Hammers, individually, not being a party to this appeal, the writer is of the opinion that by the decision of the Supreme Court, in the case of *Moore* v. *Ferguson* (1904), 163 Ind. 395, 72 N. E. 126, and of this court in *Richey* v. *Cleet* (1910), 46 Ind. App. 326, 92 N. E. 175, the appeal should be dismissed. But a majority of the court are of the opinion that it has jurisdiction and that therefore the appeal should not be dismissed. We therefore proceed to decide the appeal on its merits.

The substantial controversy is as to whether the lower court's finding that there had been no divorce granted to Edward Hammers thereby invalidating his marriage to Carrie Hammers is sustained by sufficient evidence. Even if it be conceded that the burden to prove that there was no such divorce was upon appellee, and this we do not decide, but see note to *Kilburn* v. *Kilburn* (1891), 89 Cal. 46, 26 Pac. 636, 23 Am. St. 447, 451, the burden must be discharged by negative proof, and as such it is not required to be plenary. In this case, it is uncontroverted that appellee was deserted without cause; that she continued to live and to support her children in the county in which she was so unjustly deserted; that no divorce was ever granted in that county, nor in any other county in which her hus-

band had lived so far as she was able to locate him, and this covered all the time of his desertion except about one year, and appellant's testimony leaves his location during this period in doubt; that appellant learned in 1895, and before that date, that the deceased had been married before and had four children which he was not supporting. As he had married her without giving her this information, so far as appears, it was then incumbent upon her to learn whether there had been a divorce, for her own protection. If she had information protecting her, and, when of necessity it meant so much to her, she sat silent in court and failed to give her testimony, in the absence thereof, appellee's evidence was sufficient to discharge the burden on her, and to justify the court's finding. *Compton* v. *Benham* (1908), 44 Ind. App. 51, 85 N. E. 365.

Judgment affirmed.

### ON PETITION FOR REHEARING.

NICHOLS, J.—In her petition for rehearing appellant contends that the decision of the trial court is in conflict with §8657 of the United States Compiled Statutes, as such decision directs the distribution of the money collected under the federal Employers' Liability Act, which is in conflict with the provisions of that act. But the question as to whether the fund collected under the federal Employers' Liability Act belongs to appellee, or to appellee and her children, does not need to concern appellant. She can pay the money into court, and when she has done so she is of necessity relieved of further liability.

It is to be observed that the children of appellee having excepted to the final report, later dismissed their exceptions.

Appellant further contends that the decision of this court, affirming the judgment of the trial court, amounts

to a finding and judgment that appellee is entitled to one-third of certain real estate described in the will of the deceased, while the uncontradicted evidence is that the deceased and appellant held title to such real estate jointly. Appellant says that, even if she were not the lawful widow, she would at least own the undivided one-half of the real estate involved, free from any claim of appellee. This court has not passed upon that question.

Other questions are discussed in appellant's brief for rehearing, but we do not deem it necessary to further consider them. Petition for rehearing is overruled.