[Civil No. 1985. Filed January 13, 1925.]

[231 Pac. 916.]

# In the Matter of the Estate of MARY C. O'REILLY, Deceased.

1. EXECUTORS AND ADMINISTRATORS—BURDEN ON EXECUTOR TO JUSTIFY ATTORNEY'S FEES.—Under Civil Code of 1913, paragraph 992, the burden is on the executor to justify attorney's fees, for which he claims credit.

2. EXECUTORS AND ADMINISTRATORS—COURT WILL DISALLOW ATTORNEY'S FEE DISPROPORTIONATE TO SERVICE RENDERED ESTATE, AND WILL ALLOW REASONABLE FEE.—While court is reluctant to disturb agreement between an executor and counsel as to amount of counsel's fees, the court will in the exercise of its discretion allow only what it deems a reasonable fee, if the agreed fee appears disproportionate to the service required and performed.

3. EXECUTORS AND ADMINISTRATORS—COURT NOT JUSTIFIED IN RATI-FYING EXECUTOR'S PAYMENT IN GOOD FAITH OF UNAUTHORIZED ATTORNEY'S FEES.—That an unauthorized attorney's fee has been paid by the executor in good faith prior to the court's approval of such claim does not justify the court in ratifying the same.

4. EXECUTORS AND ADMINISTRATORS—FINDINGS OF LOWER COURT WITH RESPECT TO ATTORNEY'S FEE NOT DISTURBED IN ABSENCE OF ABUSE OF DISCRETION.—What constitutes a reasonable attorney's fee within Civil Code of 1913, paragraph 992, for legal services rendered an estate, is peculiarly within the knowledge of the court before which the estate is probated, and, in the absence of abuse of sound discretion of such court, the Supreme Court will not disturb the findings of that court.

5. EXECUTORS AND ADMINISTRATORS — STATUTE ALLOWING COMMISSIONS CONTEMPLATES PERFORMANCE OF SOME SERVICE FOR WHICH FEE IS TO BE PAID.—Civil Code of 1913, paragraph 992, providing for commissions of executors and administrators, contemplates the performance of some service on the part of such officers for which the fee is to be paid.

6. EXECUTORS AND ADMINISTRATORS—EXECUTOR HELD NOT ENTITLED TO COMMISSION ON ADVANCES MADE BY TESTATRIX WHICH WERE TO BE CHARGED AGAINST BENEFICIARIES.—Under Civil Code of

---

1. See 11 R. C. L. 233.

2. Power of administrator to make estate liable for attorneys' fees, see note in 93 Am. Dec. 393. See, also, 11 R. C. L. 234.

5. See 11 R. C. L. 227.

1913, paragraph 994, executor *held* not entitled to commission on advances made by testatrix which by will were to be charged against beneficiaries, as executor is chargeable only with the estate which comes into his possession, and it is the basis for determining his commission.

7. EXECUTORS AND ADMINISTRATORS—DUTY OF COURT TO SAFEGUARD PROPERTY OF ESTATE, AND NOT TO COUNTENANCE CLAIMS IN ABSENCE OF REASONABLE JUSTIFICATION.—While fair compensation should be allowed officers in the administration of an estate for services actually performed, it is the duty of the court to safeguard the property of the estate, and not countenance claims in the absence of reasonable justification.

See (1) 24 C. J., pp. 104, 1019.  (2, 3) 24 C. J., p. 104.  (4) 24 C. J., pp. 104, 1050.  (5, 7) 24 C. J., p. 978 (1926 Anno.).  (6) 24 C. J., p. 984 (1926 Anno.).

APPEAL from a judgment of the Superior Court of the County of Maricopa.  F. H. Lyman, Judge.  Affirmed.

Mr. F. Louis Zimmerman and Mr. Earl Anderson, for Appellant.

Messrs. Kibbey, Bennett, Gust & Smith, for Appellees.

FAIRES, Superior Judge.—This is an appeal by the executor of the estate of Mary C. O'Reilly, deceased, from an order of the lower court sustaining objections and exceptions to certain items in the final account of the executor.

The testatrix died in Maricopa county, Arizona, leaving an estate of the approximate value of $20,000. Upon the will being admitted to probate, Eugene D. O'Reilly was appointed executor, and as such employed counsel to assist in the administration of the estate.  The will, among other things, provided that the testatrix had made advances to some of the devisees therein mentioned, and directed that such advances should be charged in each instance against

the shares of the beneficiaries to whom such advances were made.

In due time the executor filed his final account and petition for distribution. Among the credits claimed was an item of $3,005 paid to the executor's attorney for legal services, an item of $808.85 covering expenses of a trip of the executor and his attorney to St. Louis and return, and the statutory commission claimed by the executor on $8,971.95 advances made by the testatrix during her lifetime to some of the beneficiaries named in the will.

Exceptions were duly filed to the final account by some of the beneficiaries named in the will, on the ground that the claim for attorney's fees was excessive; that the expense of the trip to St. Louis was unauthorized, and an unnecessary expense in administering the estate; and that the commission claimed by the executor on advances made to the heirs during the lifetime of the testatrix was not a proper charge under the statutes.

The court entered its order reducing the claim for attorney's fees to $1,500, and disallowed the claim of the executor for commissions based on the $8,971.95 advances made by the testatrix, but allowed the account in all other respects. From the order of the court the executor appeals, setting up four assignments of error which raise but two questions: (1) The reduction of the attorney's compensation to $1,500; and (2) the disallowance of the commission claimed by the executor on $8,971.95 advances made by the testatrix.

The determination of the questions raised by this appeal rests upon the construction of our statutes. Civil Code of 1913, paragraph 992, provides that:

"He [the executor] shall be allowed all necessary expenses in the care, management and settlement of the estate, including reasonable fees paid

to attorneys for conducting the necessary proceedings or suits in the superior or other courts.''

Under our statutes the question of expense in estates for attorney's fees becomes a matter to be determined in each case; the limitation being that the fee be reasonable. What is a reasonable fee will necessarily depend upon the character of the estate and the nature of the service required and performed by the attorney in the administration of such estate. *In re Straus' Estate,* 144 Cal. 553, 77 Pac. 1122. Such expense is one of administration, and, accordingly, the burden is placed upon the executor to justify the same to the court. In *re Straus Estate, supra; Rowe v. Dyess et al.* (Tex. Civ. App.), 213 S. W. 234; *Richey v. Cleet,* 46 Ind. App. 326, 92 N. E. 175; *In re Thiede's Estate,* 102 Neb. 747, 169 N. W. 435.

Naturally, the court is very reluctant to disturb any agreement entered into between the executor and counsel as to the amount of counsel's fee. However, if such fee so charged, considering the estate, is disproportionate to the service actually required and performed, it becomes the duty of the court, in the exercise of its discretion, to allow what it deems a reasonable fee. Ross' Probate Law and Practice, § 492. That an unauthorized fee has been paid by the executor in good faith prior to the court's approval of such claim does not justify the court in ratifying the same. *State ex rel. Cohen v. District Court of Fifth Judicial District,* 53 Mont. 217, 162 Pac. 1053.

What would constitute a reasonable fee in a given case is a matter which is peculiarly within the knowledge of the court before which the estate was probated, and, in the absence of the abuse of sound discretion of the court sitting in probate, this court,

as it has .many times held, will not disturb the
findings of the lower court.

As was stated in the case of *Joseph Marie Gasq's
Estate,* 42 Cal. 288:

"This court will not reverse the ruling of the pro-
bate court in fixing the amount of compensation,
which it would be proper to allow the administrator
in payment of counsel in the settlement of the estate,
unless there is a plain abuse of discretion. Such
matters are peculiarly within the knowledge of the
probate judge."

We are of the opinion, from a careful examina-
tion of the record, that the order reducing the
claim for legal expense from $3,005 to $1,500 was
a proper exercise of the court's discretion.

In the absence of a provision in the will, com-
pensation allowed an executor for services in ad-
ministering an estate has been fixed by statute.
Paragraph 994 provides that:

"When no compensation is provided by the will, or
the executor renounces all claim thereto, he must
be allowed commissions upon the amount of the
whole estate accounted for by him as follows. . . .
In all cases such further allowance may be made as
the court may deem just and reasonable for any
extraordinary service. . . . "

Appellant urges that the advances of $8,971.95
made by the testatrix during her lifetime to be
charged against the beneficiaries receiving the same
should be considered part of the estate for the pur-
pose of fixing his commissions, as allowed by stat-
ute. We cannot concur in this view. The executor
is chargeable only with the estate which comes into
his possession, and that is the basis for determin-
ing the executor's commission which is allowed by
statute. Advances made by the testatrix during her
lifetime were not property and assets which were

taken into possession by the executor for administer--
ing and distribution. Such advances did not require
any care, management or administration on the part
of the executor, and therefore no labor or service
devolved upon him for which he is entitled to com-
pensation. *In re Cudworth's Estate,* 133 Cal. 462,
65 Pac. 1041; *In re Fernandez' Estate,* 119 Cal. 579,
51 Pac. 851; *In re Burden,* 98 Misc. Rep. 542, 164
N. Y. Supp. 747; *Succession of Pierce,* 119 La. 727,
44 South. 446.

We are of the opinion that the statute providing
commissions for executors and administrators con-
templated the performance of some service on the
part of such officers for which the fee is to be paid.
In this case the only duty or obligation which de-
volved upon the executor with reference to the ad-
vances made by the testatrix during her lifetime was
to see that the same were deducted from the dis-
tributive shares of the beneficiaries to whom such
advances had been made. This entailed no ap-
preciable service of administration on the part of
the executor for which compensation should be al-
lowed, and, under our construction of the statute,
the lower court properly rejected the claim.

Fair compensation should be allowed officers in
the administration of an estate for services actually
performed, but it is also the duty of the court to
safeguard the property of the estate, and not coun-
tenance claims in the absence of reasonable justi-
fication.

The order of the lower court is affirmed.

McALISTER, C. J., and ROSS, J., concur.

NOTE.—Judge LYMAN being disqualified by reason
of having passed on questions as Judge of the Supe-
rior Court, Honorable C. C. FAIRES, Superior Court
Judge of Gila County, was called in his place.