[97 Pac. (2d) 533.]

[Civil No. 4114. Filed January 2, 1940.]

BLANCHE BUSENBARK, Administratrix of the Estate of HENRY H. SMITH, Also Known as H. H. SMITH, Deceased, Appellant, v. EDWIN S. SMITH, WILLIAM C. SMITH, CHARLES SMITH, JOHN M. BROOKS, BONNIE STEELE, DOROTHY GRATZER, and ALVA C. AMMERMAN, Appellees.

Mr. George F. Macdonald, for Appellant.

Mr. Louis J. Chalmers, Messrs. Cox & Moore and Mr. B. L. Hibbert, for Appellees.

ROSS, C. J.—The administratrix in her final account charged the estate with $3,000 for extraordinary services for herself and $3,000 for extraordinary services for her attorney. Objections to these items as excessive and unreasonable were made by the heirs of the deceased. At the hearing of the objections the court approved the administratrix' claim for such services for $1,500 only and the claim for the attorney for such services for $2,000 only. A motion for rehearing was made in which the movant asked to be permitted to submit expert testimony as to the value of such services, which motion was denied. From these orders and the decree of distribution, the administratrix has appealed.

She contends the court, in view of the extraordinary services rendered by her and her attorney, abused its discretion in not allowing them the amounts claimed for such services. Also that the court erred in refusing to grant a rehearing and take evidence of the value of such services.

The estate accounted for by the administratrix amounted to $27,587.62. She charged for her services in the final account the statutory commissions on the whole estate, which amounted to the sum of $1,233.-50. She also charged the estate with the same amount for her attorney. The estate, consisting principally of notes and mortgages, was in course of administration from August, 1934, up to December, 1938. Aside from the routine duties of protecting and caring for this type of property, several mortgages had to be foreclosed or refinanced with the Home Owners' Loan Corporation, which entailed considerable attention and labor. The court, upon the final hearing as above stated, allowed the administratrix $1,500 for such extraordinary services and her attorney $2,000. In other words, there was allowed to the administratrix for regular and extraordinary services the sum of $2,733.50 and to the attorney for his services $3,233.-50, all told $5,967.

 Section 4049, Revised Code of 1928, provides that the personal representative shall be allowed general expenses of administration and specifically states:

"He shall also be allowed reasonable fees paid or contracted to be paid to attorneys at law for services to him, and an attorney who has rendered such services may apply to the court for an allowance as compensation therefor. Upon the hearing, a reasonable allowance shall be made, and the court shall order the payment thereof out of funds of the estate."

Section 4051, Id., provides that the personal representative shall be paid for his services on a percentage basis calculated on the whole estate, when not otherwise provided by will, and adds:

"Further allowance may be made as the court may deem just and reasonable for any extraordinary service."

Section 4049 makes no provision for paying the attorney for extraordinary services. It does, however, provide that the attorney's fee shall be reasonable, which means it shall be in proportion to the amount of time, labor and skill given to the personal representative in caring for the estate. We can think of no person better qualified to fix the fee of an attorney for the personal representative than the probate judge in whose court the estate is being administered. In the first place, being an attorney he knows the value of legal services; in the second place, he is possessed of a knowledge from the court records of what has been done by the attorney in recovering, preserving and protecting the estate, and in the third place, he is, or should be, absolutely disinterested. Because of these facts, the probate judge was given the power to fix the attorney's fee, with no restriction except that it shall be reasonable. The fee to be allowed, then, is left to the personal judgment of the court. If the court has exercised its discretion in accordance with settled standards, and not arbitrarily or capriciously, we will not disturb it.

In this case, if it appeared that no reputable attorney at the bar would have contracted in advance to look after the estate for $3,233.50, the amount allowed, or if the compensation was all out of proportion to the services rendered, we might conclude that the court abused its discretion. However, we opine the services could have been contracted in advance for that amount. In passing upon the very same question here involved, in the *Estate of O'Reilly,* 27 Ariz. 222, 231 Pac. 916, 918, we said:

"What would constitute a reasonable fee in a given case is a matter which is peculiarly within the knowledge of the court before which the estate was probated, and, in the absence of the abuse of sound discretion of the court sitting in probate, this court, as it has

many times held, will not disturb the findings of the lower court.

"As was stated in the case of *Joseph Marie Gasq's Estate,* 42 Cal. 288:

" 'This court will not reverse the ruling of the probate court in fixing the amount of compensation, which it would be proper to allow the administrator in payment of counsel in the settlement of the estate, unless there is a plain abuse of discretion. Such matters are peculiarly within the knowledge of the probate judge.' "

Our probate law was taken from California and the decisions of that state uniformly have refused to disturb allowances for attorney unless there clearly appeared an abuse of discretion.

■ The compensation allowed the administratrix for extraordinary services under section 4051 is also left to the discretion of the probate court, and what we have said above about the finality of such discretion, when judicially exercised, applies. *In re Parker's Estate,* 186 Cal. 671, 200 Pac. 620; *In re Keith's Estate,* 16 Cal. App. (2d) 67, 60 Pac. (2d) 171; *In re Hardenberg's Estate,* 18 Cal. App. (2d) 307, 63 Pac. (2d) 1200.

■ The court's refusal to grant a rehearing to the administratrix for the purpose of taking evidence of the value of hers and her attorney's services, was not error. The proper time to have offered such evidence was upon the trial of the objections to the final account. Thereafter, if the court felt that justice demanded further evidence be taken, it could, in its discretion, have reopened the matter for that purpose. Evidently the court felt that it was already fully informed as to what services had been rendered and their value.

The court's order allowing the final account after deducting $1,500 from the administratrix' claim for

extraordinary services and $1,000 from the attorney's claim is affirmed.

LOCKWOOD and McALISTER, JJ., concur.