## LADD v. KUHN ET AL.

[No. 19,203.    Filed March 8, 1900.]

APPEAL AND ERROR.—*Parties.*—*Dismissal.*—Where suit was brought for partition of real estate, and defendant notified his remote grantor, who appeared and defended same in the name of the original defendant, showing in his application that defendant had taken no interest in the defense of the suit, and that he was obliged to defend the same or incur liability to said defendant on his covenants of warranty, an appeal taken by such grantor, in the name of defendant, from a judgment granting partition, will not be dismissed upon motion of such defendant, where it appears that the appeal bond was executed by the grantor and the cost of transcript paid by him.

From the Grant Circuit Court.    *Motion to dismiss appeal overruled.*

*A. E. Steele* and *J. A. Kersey*, for appellant.
*G. A. Henry* and *P. H. Elliott*, for appellees.

JORDAN, J.—Appellees instituted this action against Boyd Ladd for the partition of forty acres of land. The facts pertinent to the question involved, on the motion to dismiss this appeal, appear to be as follows: In October, 1890, William Friermood, by his warranty deed, conveyed the land in question to William A. Friermood. In September, 1891, the latter, by a warranty deed, conveyed it to George W. Parsons. Parsons, in November, 1894, by his warranty deed, conveyed the premises to Boyd Ladd, the nominal appellant herein. The record further discloses that, after the commencement of this action by the appellees, in which they claimed to be owners of the undivided two-thirds of the land in dispute, said Ladd, who was the sole defendant, notified the said William Friermood, as his remote grantor, to defend the action. The notice was to the effect that he, Ladd, would hold said Friermood liable on his covenants of warranty in case the plaintiffs should recover in the action. In pursu-

ance of said notice, it is disclosed by the record that Friermood appeared in court, and presented his verified application to be permitted to file an additional answer to the complaint. In his application, among other things, he alleged that the defendant, Ladd, had taken no interest whatever in the defense of the suit, and that he, Friermood, was obliged to defend the same, or incur liability to said defendant on his covenants of warranty, etc. The record recites that this application was sustained by the court, and Friermood filed fifth and sixth paragraphs of answer. These were filed in the name of the defendant, Ladd, and are set forth in the record.

There was a trial by the court, and a finding in favor of the plaintiffs in respect to their title and right to partition, and a further finding that the land was not susceptible of division; and, over a motion for a new trial, filed in the name of the defendant, Ladd, judgment for the sale of the real estate was rendered. From this judgment this appeal appears to have been prosecuted by the said William Friermood. The appeal bond was executed by him and one Zach T. Friermood and recites that Boyd Ladd has appealed from the judgment to the Supreme Court, for the use of the said William Friermood, his grantor. It further appears that the said Friermood paid the cost incurred in procuring a transcript for this appeal, and immediately after the assignment of errors, which is in the name of Ladd, the following notice appears: "William Friermood, a remote grantor of the appellant * * * became a privy to the proceedings and judgment herein, and prosecutes this appeal in appellant's name, furnishing appeal bond, and paying all costs and expenses. [Signed] Steele & Kersey, Attys. for appellant." After this cause had been submitted, and after a brief for appellant had been filed, Ladd moved to dismiss the appeal as a matter of right. This motion Friermood resists, upon the ground that he, at least, under the facts, is constructively a party to the action, and has such an interest in the result therein that he is entitled to maintain the appeal.

As a general rule, an appellant, in an appeal to this court, may dismiss his appeal. This general right, however, is subject to exceptions, and can not be exercised under any and all circumstances. Elliott's App. Proc. §534; Ewbank's Manual, §232.

It is virtually conceded by counsel for Ladd that Friermood, who has been brought into this action as a warrantor of the title in dispute, has an interest in maintaining this appeal; but it is insisted that because he neglected to cause himself to be made a party defendant in the place of Ladd in the action in the lower court, so as to become a party to the judgment, he has thereby forfeited his right to appeal. It is not sufficient, in order to entitle a person to maintain an appeal, to show that he is merely a party or privity to the proceedings, but it must also appear that he possesses an appealable interest in the cause. Such an interest is said to exist when the judgment or decree so affects a party or privy thereto that he would derive substantial benefit from its modification or reversal. Elliott's App. Proc. §132; 2 Ency. of Pl. & Pr. pp. 151, 160, 161.

Affirming, as we do, the above to be substantially a correct statement of the law, we may next inquire whether Friermood is shown to occupy such a position, under the circumstances, as to authorize him to maintain this appeal. He, as the facts disclose, was a remote grantor and warrantor. The covenants in his deed in regard to warranty of title are real covenants, and run with the land. They followed the subsequent conveyances of the premises, and passed from one purchaser to another through each successive link in the chain of title; and Ladd, if evicted by a paramount title, might sue either his immediate or remote warrantor. McClure v. McClure, 65 Ind. 482; Martin v. Baker, 5 Blackf. 232.

After the commencement of this case, Ladd, it appears, notified Friermood, as his remote warrantor, to come into the action and defend it, which the latter seems to have done

in the name of the former. By giving this notice, Ladd thereby relieved himself of the burden of defending the suit, and might thereafter, in good faith, abandon the suit, and leave Friermood to successfully defend it, or, by an adverse judgment, be forever bound and precluded in respect, not only to the eviction of Ladd, but also that such eviction was the result of a claim under a paramount title. In the event of an adverse judgment, under the circumstances, Ladd was not required to appeal therefrom, but he might yield thereto, and sue Friermood upon his covenants of warranty. *Morgan* v. *Muldoon*, 82 Ind. 347; *Bever* v. *North*, 107 Ind. 544.

The practice of giving notice in such cases is as old as the covenants of warranty, and is analogous to the ancient practice of "voucher to warranty"; and the reason therefor arises out of the familiar doctrine that a person ought not to be bound by the judgment in an action to which he was not actually or constructively a party. *Morgan* v. *Muldoon*, *supra*.

The ancient writ or process by which a warrantor was "vouched in", as the real party defendant to the action, and thus made to defend the title there in question, was denominated "voucher". This process was to the effect that the same judgment which deprived the warrantee of that which had been conveyed to him was also a judgment against his warrantor, and gave the former a right to other lands of equal value to those which had been lost. Rawle on Covenants, §11. In analogy, then, to this ancient practice, which became obsolete in England long before it was finally abolished by statute, a general practice in this country has prevailed that, when an action is brought to enforce a paramount claim of title against one who is protected by covenants of warranty, the warrantee can, by giving the proper notice to his warrantor, relieve himself from the burden of being compelled to prove, in an action to recover on the covenants, that he was evicted by a claimant under a paramount title. In such an action, in the absence of fraud or collusion, a warrantor will not be permitted to prove that a recovery

against the warrantee was not due to a paramount title. Rawle on Covenants, §117.

In *Morgan* v. *Muldoon*, 82 Ind. 347, Lansing Morgan, the warrantor, under the same method as that employed in the case at bar, was brought into the action and by the court permitted to defend. Before the rendition of the judgment therein, he died. It was insisted in that case that after his death, and the abatement of the action as to him, the record must be regarded as though he had not appeared in the suit. On page 355 of the opinion, upon the petition for rehearing, this court said: "Lansing Morgan was not, in fact, a party when the judgment was rendered. Proof of proper notice to him would make him constructively a party to the judgment. The record might be used as evidence for the purpose of showing notice to him, though he was not an actual party to the judgment, and thus a record, considered as a memorial of proceedings that transpired in a court of justice, in which respect it is conclusive against strangers, would establish the conclusiveness of the judgment as *res judicata*."

While it is true that Friermood, the warrantor in this case, might have appeared and defended in his own name, yet the fact that he defended in the name of Ladd does not any the less make him constructively a party to the proceedings. He did not come into the case in the attitude of a stranger, but was made a party, under the method pursued by operation of law, and must certainly, under the circumstances, be accorded the same means and advantages of controverting the title asserted by the plaintiff as though he were the real party defendant. Generally speaking, a person is said to be in privity when he is so connected with another person in an estate, a right, or liability, as to be affected in like manner. Anderson's Law Dictionary, 813. The judgment below affects both Ladd and Friermood, his warrantor, and the latter is interested in securing a reversal thereof. Being bound by the judgment, he would certainly be considered as benefited by its reversal, and therefore can be said to have an appealable interest therein.

In *Howse* v. *Judson*, 1 Fla. 133, it is affirmed, as a general rule, that none but parties to a record or privies can maintain a writ of error, but that where one is made a party by law, "as he who comes in as vouchee", he occupies the position of a privy and may prosecute the writ. In *Eaton* v. *Lyman*, 26 Wis. 61, the court said: "Where a grantee seeks to conclude a grantor in an action on the covenants of the deed, by the result of the suit in which the grantee was ousted under an alleged paramount title, it should appear, not only that the grantor was notified of the suit and requested to defend it, but that he was allowed to do so to the utmost extent of the law, if he desired to. Otherwise a defendant in ejectment might acquiesce in an erroneous result of a trial, and refuse his grantor an opportunity to correct it by appeal, and still conclude him by the judgment in an action on his covenants. This would be clearly unjust." See Freeman on Judgments, §181.

Friermood, it is true, is not named in the judgment below, but, as we have seen, he is as much bound by it as though he was specially named or mentioned therein. *Brooks* v. *Doxey*, 72 Ind. 327.

In the appeal of *Ragland* v. *Wickware*, 27 Ky. (4 Marshall) 530, it was held that a person, in whose name a writ of error is prosecuted, will not be permitted to dismiss it if the court is satisfied that the writ is prosecuted for the benefit of another. Ladd, having brought Friermood, as a warrantor, into the action, and required him to defend, can not now, under the circumstances, claim the right to dismiss the appeal merely because it is prosecuted by Friermood in the name of the former. Ladd, under the circumstances, is but a nominal appellant, and Friermood must be considered as the real appellant; and the former will not be liable for any cost or expenses occasioned by the appeal. It follows that Friermood is entitled to maintain the appeal, and the motion to dismiss it is therefore overruled at the cost of the mover.