# UNION TRACTION COMPANY *v.* BASEY ET AL.

[No. 20,530. Filed February 16, 1905.]

1. **APPEAL AND ERROR.**—*Appellant Not a Party to Judgment.—Assignment of Errors.*—The assignment of errors is in the nature of a complaint, and may be met by pleas, answers, demurrers or motions, and where a party assigning errors is not a party to the judgment, such assignment must show, by proper averments, the facts which make him a privy and entitle him to appeal. p. 250.

2. **SAME.** — *Appellant Not a Party to Judgment.* — *Assignment of Errors.* — *Capacity Not Denied.* — Where a traction company sues defendant for the condemnation of defendant's land, and judgment is rendered therein, and pending appeal, such plaintiff consolidates with another traction company, and. such consolidated company shows in the assignment of errors on appeal from such judgment that it has consolidated with plaintiff company and succeeded to all of its rights, and no denial is made by the appellee, such matter will be taken as true. p. 250.

3. **EMINENT DOMAIN.**—*Street Railroads.—Paying Award.—Estoppel to Prosecute Appeal.*—Where a street railroad company files its act of appropriation under §5468e Burns 1901, and an award of damages is made, such company is not estopped to prosecute an appeal from such award by the payment thereof to the clerk of the court, when it properly files its exceptions to such award within the period of ten days after the filing of such award, since such payment is not voluntary in a legal sense. p. 251.

From Hamilton Circuit Court; *J. F. Neal,* Judge.

Action by the Indianapolis Northern Traction Company against Martin V. Basey and another. From a judgment for defendants the Union Traction Company of Indiana, with whom the plaintiff had consolidated, appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*J. A. Van Osdol, W. S. Christian* and *A. W. Brady,* for appellant.

*S. D. Stuart* and *C. G. Reagan,* for appellees.

MONTGOMERY, J.—This proceeding was commenced in the court below by the Indianapolis Northern Traction Company to appropriate a right of way across lands owned by

appellees. Appellees' damages were duly appraised and assessed, and an exception to the award saved by the traction company. The company paid to the clerk of the court the damages so assessed, and took immediate possession of the land appropriated. Appellees, by way of answer to the exception to the award, set up the payment of the damages and possession by the company. A demurrer to this answer, and a motion to strike it out, were overruled, and exceptions saved; and, the company declining to plead further, the appeal upon exceptions to the award was dismissed, over the objection and exception of the company.

1. Appellees insist that as the Union Traction Company was not a party to the judgment, it has no right of appeal, and that this appeal should be dismissed. In the assignment of errors appellant alleges, "that it is a street railroad corporation of the State of Indiana, created by consolidation of Indianapolis Northern Traction Company, named in the within judgment and proceedings, and Union Traction Company of Indiana, both street railroad corporations of the State of Indiana, and by virtue of such consolidation has succeeded to all rights, titles and estates of said Indianapolis Northern Traction Company in and to the subject-matter of said judgment and proceedings." The assignment of errors in this court is in the nature of a complaint, and may be met by "pleas, answers, demurrers and motions." *Newman* v. *Kiser* (1891), 128 Ind. 258. When a party prosecuting an appeal has become privy to a judgment, by operation of law, as an executor, guardian or heir, such appeal must be prosecuted in his own name, and, by proper averment, the matter which makes him privy and entitles him to maintain the action should be spread upon the record. *Rundles* v. *Jones* (1851), 3 Ind. 35.

2. This has been done by the averments of the assignment of errors above set out. The statute upon the general subject of pleadings provides that the character and capacity in which a party sues shall require no proof, unless

such character or capacity be denied by a pleading under oath. No special denial of appellant's right to prosecute this appeal in the capacity claimed by it having been filed, the averments of the assignment of errors showing a consolidation of two corporations under the laws of this State will be taken as true, and in consequence thereof appellant, as a matter of law, by such consolidation succeeded to the rights of the constituent corporations, and is the proper party to prosecute this appeal.

3. The question to be determined in this case is whether a street railroad company, in the exercise of the power of eminent domain under §5468e Burns 1901, Acts 1901, p. 461, §5, by paying to the clerk of the court the amount assessed as damages for land to be appropriated by it and taking possession, is thereby estopped from prosecuting an appeal upon its exceptions duly taken to such award. Section 5468e, *supra,* is in substance the same as §5160 Burns 1901, §3907 R. S. 1881, which is a part of the general railroad act. Section 5160, *supra,* was recently construed by this court with regard to the exact point now in question. *Cleveland, etc., R. Co.* v. *Nowlin* (1904), 163 Ind. 497. The authorities cited, and the reasoning of the opinion, in that case, are alike applicable to the question now under consideration, and make repetition unnecessary. We accordingly hold that when a street railroad company appeals from an award within the ten days allowed, and pays the award to the clerk of the court for the purpose of entering at once upon the property described in the instrument of appropriation, such payment is not voluntary in a legal sense, and will not estop the company from prosecuting its appeal.

The circuit court erred in overruling the demurrer to appellees' answer, and in dismissing the appeal. The judgment is reversed, with directions to sustain the demurrer to appellees' answer, and for further proceedings in harmony with this opinion.