UNION SANITARY MANUFACTURING COMPANY *v.* DAVIS.

[No. 9,661. Filed January 23, 1917.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Intent of Legislature.*—An examination of the Workmen's Compensation Act (Acts 1915 p. 392) in its entirety shows clearly that the intention of the legislature was to provide compensation and the proper award with a minimum of legal procedure. p. 551.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Review of Award.*—The provisions for a review of an award authorized by §60 of the Workmen's Compensation Act (Acts 1915 pp. 392, 410) afford opportunity for presenting to the full board all ques-

tions relied upon by the aggrieved party, and, in the main, serve the same purpose that a motion for a new trial serves in a civil action.  p. 551.

3.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Procedure.—Appeals.*—The legislature did not contemplate engrafting on the procedure provided by the Workmen's Compensation Act (Acts 1915 p. 392) all the requirements relating to appeals from judgments in ordinary civil suits, and, in construing §61 authorizing appeals from awards, the phrase "under the same terms and conditions as govern appeals in civil actions" is to be applied only to phases of procedure in appeals under the act not specially provided for therein.  p. 551.

4.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal.—Motion for New Trial.*—The intent to make the procedure under the Workmen's Compensation Act (Acts 1915 p. 392) simple and direct and to dispense with a motion for a new trial is apparent from the general tenor of the law and the special provisions thereof, and, where a final award has been made by the industrial board, and appeal therefrom will lie, if otherwise properly perfected, though appellant has made no motion for a new trial.  p. 552.

5.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeals.—Motion to Modify or Set Aside Award.*—It is not necessary to file a motion to modify or set aside the final award made by the full board under the Workmen's Compensation Act (Acts 1915 p. 392) to entitle the party aggrieved to an appeal under the act.  p. 552.

6.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal for Errors of Law.—Record.—Assignment of Errors.*—Where the record shows that appellant has properly excepted to the final award of the full board under the Workmen's Compensation Act (Acts 1915 p. 392), has presented its bill of exceptions containing the evidence and the rulings of the court and exceptions thereto, which bill of exceptions has been properly approved, and has filed a duly certified transcript of copies of all papers and entries in the cause, and appellant, on appeal to the Appellate Court from such final award, assigns as error that the award is not sustained by sufficient evidence, "the award is contrary to law," etc., the assignment of error presents alleged "errors of law" and the party aggrieved is entitled to have them passed upon by the court under §61 of the act, so that a motion to dismiss the appeal will be overruled.  pp. 552, 553.

7.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal.—Record.—Exceptions.*—Where the record on an appeal from a final award of the industrial board under the Workmen's Compensation Act (Acts 1915 p. 392) shows proper exceptions to the

original award and also to the award of the full board, contention that the record does not show that the exception was taken "at the time" is not available, when the exceptions shown are sufficient under the provisions of the act and would have been sufficient without showing an exception to the first award. p. 552.

From the Industrial Board of Indiana.

Action by Frank L. Davis under the Workmen's Compensation Act against the Union Sanitary Manufacturing Company. Defendent appeals from an award for plaintiff, and the latter moves to dismiss the appeal. *Motion to dismiss appeal overruled.*

*Kane & Kane,* for appellant.
*Gentry & Campbell,* for appellee.

FELT, C. J.—This is an appeal from an award of the Industrial Board of Indiana. Appellee has moved to dismiss the appeal, and the first reason assigned therefor is that appellant filed no motion for a new trial after the final award was made by the board. The record shows a finding and an award by the board and an application by appellant for a review by the full board of the award, which was granted and the case was heard by all the members of the Industrial Board and the award made and entered from which this appeal was taken. Appellant has assigned as error: (1) The award is not sustained by sufficient evidence; (2) the award is contrary to the evidence; (3) the award is not sustained by the finding of facts stated by the board; (4) the award is contrary to the finding of facts stated by the board; (5) the award is contrary to law; (6) the board erred in its rulings of law upon the facts found; (7) the board erred in its award of compensation upon the facts found.

The Workmen's Compensation Act (Acts 1915 p. 392) provides: "Sec. 59. The board or any of its members shall hear the parties at issue and their representatives and witnesses and shall determine the dispute in any summary man-

ner. The award, together with a statement of the findings of fact, rulings of law and any other matters pertinent to the question at issue shall be filed with the record of proceedings, and a copy of the award shall immediately be sent to the parties in dispute.

"Sec. 60. If an application for review is made to the board within seven days from the date of the award, the full board, if the first hearing was not held before the full board, shall review the evidence, or if deemed advisable, as soon as practicable hear the parties at issue, their representatives and witnesses and shall make an award and file same in like manner as specified in the foregoing section.

"Sec. 61. An award of the board, as provided in section 59, if not reviewed in due time, or an award of the board upon such review as provided in section 60, shall be conclusive and binding as to all questions of fact, but either party to the dispute may within thirty days from the date of the award appeal to the appellate court for errors of law under the same terms and conditions as govern appeals in ordinary civil actions. The board, of its own motion, may certify questions of law to said appellate court for its decision and determination."

An examination of the whole act shows clearly that the intention of the legislature was to provide compensation and the proper award with a minimum of legal procedure. The provisions for a review afford opportunity of presenting to the full board all questions relied upon by the aggrieved party and in the main serve 'the same purpose that a motion for a new trial serves in a civil action. At all events it is evident the legislature did not contemplate engrafting on the procedure provided by the act all the requirements relating to appeals from judgments in ordinary civil suits. This is apparent from the general tenor of the law and by §55 which provides that: "The Board may make rules not inconsistent with this act for carrying out the

provisions of this act. Process and procedure under this act shall be as summary and simple as reasonably may be." As above shown, the section authorizing appeals contains the phrase, "under the same terms and conditions as govern appeals in ordinary civil actions," but it is apparent it was only intended to apply to phases of the procedure in appeals under the act not specially provided for by the act itself.

No motion for a new trial was contemplated by the legislature, but on the contrary the intention to dispense with such motion and to make the procedure simple and direct is apparent both from the general tenor of the law and the special provisions to which reference has already been made. For the reasons already announced it was not necessary to file a motion to modify or set aside the final award made by the full board to entitle the aggrieved party to appeal under the provisions of the law above set out.

The record shows that appellant duly excepted to the original award and also to the award made by the full board on review, and then presented its bill of exceptions containing the evidence and the rulings of the court and exceptions thereto, which bill was duly approved and signed by all the members of the board and thereafter filed with the secretary of said board and made a part of the record in this cause by order of the board. The board also duly certifies that the transcript contains full, true and correct copies of all papers and entries in said cause required by the praecipe of appellant.

The further contention that the record does not show that the exception was taken "at the time" is not available since the exceptions shown are sufficient under the provisions of the act and would have been sufficient without showing an exception to the first award, as the record sets forth the proceedings on review by the full board and appellant's exception to the final award from which this appeal was taken.

Dunn v. Chicago, etc., R. Co.—63 Ind. App. 553.

On this record the assignment of errors presents
6. . alleged "errors of law" which an aggrieved party is
entitled to have passed upon by this court under §61,
*supra*. See, also, *Columbia School Supply Co.* v. *Lewis*,
*ante* 386, 115 N. E. 103. We are not called upon to de-
cide, and do not decide, the right of a party to appeal from
the first award without applying for a review under the
statute.

Other alleged omissions and irregularities mentioned in
the motion to dismiss need not be specifically mentioned as
they are in effect disposed of by our discussion and disposi-
tion of the other questions presented. The motion to dis-
miss the appeal is therefore overruled.

Ibach, P. J., Dausman, Caldwell, Batman and Hottel, JJ.,
concur.

NOTES—Reported in 115 N. E. 676. Workmen's compensation
acts: (a) what is an accident in meaning of, Ann. Cas. 1913C 4,
1914B 498, 1916B 1293, L. R. A. 1916A 23, 40; (b) review of facts
on appeal under, Ann. Cas. 1916B 475.