## CAMPBELL-SMITH-RITCHIE COMPANY ET AL. *v.* SOUDERS.

[No. 9,786.    Filed March 16, 1917.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Procedure.*—*Motion for a New Trial.*—In a proceeding under the Workmen's Compensation Act (Acts 1915 p. 392), a motion for a new trial is not contemplated. p. 140.

2. APPEAL.—*Right of Appeal.*—*Interest in Judgment.*—In order that a person may be entitled to maintain an appeal, it must appear that as party or privy he has a substantial interest in the subject-matter of the litigation, and that he is prejudiced or aggrieved by the judgment or decree from which he seeks to appeal. p. 140.

3. APPEAL.—*Right of Appeal.*—*Appellant not a Party to Judgment.*—*Assignment of Errors.*—If a party seeking to appeal is a stranger to the record, or if the judgment appealed from does not on its face affect him, but in some manner he has become privy to liability thereunder so that he has an appealable interest, his right to appeal not otherwise appearing from the record should be made to appear by the assignment of error. p. 140.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Award.*—*Right to Appeal.*—*Interest.*—Where, in a proceeding under the Workmen's Compensation Act (Acts 1915 p. 392), an award was made against an employer, its insurer was not entitled to maintain an appeal from the award in the absence of

Campbell et al. Co. *v.* Souders—64 Ind. App. 138.

a showing in the record that the insurer was in any manner interested in the subject-matter of the controversy.  p. 140.

5.  APPEAL.—*Joint Assignment of Error.*—When several parties unite in a joint assignment of error, the assignment must be good as to all joining therein or it will be unavailing.  p. 141.

From the Industrial Board of Indiana.

Action by Flora B. Souders under the Workmen's Compensation Act against the Campbell-Smith-Richie Company.  From an award of compensation against the employer, it and The Fidelity and Casualty Company of New York appeal.  *Appeal dismissed.*

*B. P. Collins,* for appellants.
*Elza O. Rogers* and *William H. Smith,* for appellee.

CALDWELL, J.—In a proceeding before the Industrial Board, brought under the Workmen's Compensation Act (Acts 1915 p. 392), the board returned an award in favor of appellee as widow of Earnest Souders, employe, against appellant Campbell-Smith-Ritchie Company, employer.  Said appellant and its coappellant, The Fidelity and Casualty Company of New York, thereupon filed their joint motion for a new trial, which motion the board overruled on the ground that in proceedings under said act, a motion for a new trial is not contemplated.  Appellants jointly reserved an exception, jointly appealed and jointly assign error in this court.

It will be observed that the award was against the Campbell-Smith-Ritchie Company alone.  No reference is made to its coappellant in the proceedings, and it does not appear therein prior to the filing of the motion for a new trial.  The record in no manner discloses what interest, if any, said coappellant has in the subject-matter of the controversy.  Under such circumstances appellee moves to dismiss the appeal.  We are advised by the briefs filed by appellants in opposition to such mo-

tion, that the relation of The Fidelity and Casualty Company to the claim involved in this proceeding is that of insurer of its coappellant against liability under the Workmen's Compensation Act, but the record in no manner reveals such fact.

Preliminary to a consideration of the motion to dismiss, it may be said that the board was correct in concluding that in proceedings under that act a motion for a·new trial is not contemplated. *Union Sanitary Mfg. Co.* v. *Davis* (1916), 63 Ind. App. 548, 114 N. E. 872, 115 N. E. 676.

In order that a person may be entitled to maintain an appeal, it must appear that as party or privy, he has a substantial interest in the subject-matter of the litigation, and that he is prejudiced or aggrieved by the judgment or decree from which he seeks to appeal. *Ansel* v. *Kyger* (1915), 60 Ind. App. 259, 110 N. E. 559; *Ladd* v. *Kuhn* (1901), 27 Ind. App. 535, 61 N. E. 747; *Richey* v. *Cleet* (1910), 46 Ind. App. 326, 92 N. E. 175. If a stranger to the record, or if the judgment appealed from does not on its face affect him, but in some manner he has become privy to liability thereunder so that he has an appealable interest therein, his right to appeal, not otherwise appearing from the record, should be made to appear by the assignment of error. *Waldrip* v. *McConnell* (1908), 42 Ind. App. 54, 84 N. E. 517; *Union Traction Co.* v. *Basey* (1904), 164 Ind. 249, 73 N. E. 263; *Jager* v. *Doherty* (1878), 61 Ind. 528. See, also *Ladd* v. *Kuhn* (1899), 154 Ind. 313, 56 N. E. 671; *Ladd* v. *Kuhn, supra.* It therefore seems apparent that an appealable interest in The Fidelity and Casualty Company does not appear.

When several parties unite in a joint assignment of error, the assignment will be unavailing unless it is good

as to all joining therein. *Carr* v. *Carr* (1894), 5. 137 Ind. 232, 36 N. E. 899; *Supreme Council, etc.* v. *Boyle* (1895), 15 Ind. App. 342, 44 N. E. 56. The assignment of error here is joint. It presents no question as to one appellant, and hence is unavailing as to both appellants.

The appeal is dismissed.

NOTE.—Reported in 115 N. E. 354. Appeal and review generally, under Workmen's Compensation Act, L. R. A. 1916 A 178, 266.