ISRAEL GLOVSKY, Pet'r, *vs.* MAINE REALTY BUREAU, et al.

Cumberland.    Opinion October 27, 1917.

*R. S., 1916, Chap. 94, Sec. 1, paragraph 3, interpreted.    Meaning of phrase "party in interest."    Judgment.    Parties bound by judgment.    "Party in interest" as distinguished from "person in interest."    Parties to a petition for review.*

An indemnitor who has neither appeared and defended nor has been requested to defend an action against his indemnitee is not such a party in interest as to entitle him to petition for a review of the action under R. S., Chap. 94, Sec. 1, paragraph 3.

Petition for review, brought under R. S., 1916, Chap. 94, Sec. 1. paragraph 3. The presiding Justice, before whom petition was heard, ruled that the petitioner as a matter of law was not a "party in interest" within the meaning of the Statute and dismissed the petition; to which ruling, plaintiff filed exceptions. Exceptions overruled.

Case stated in opinion.

*Carroll L. Beedy,.* for petitioner.

*Robert M. Pennell,* for Maine Realty Bureau.

*Arthur Chapman,* for Abraham Goodside.

SITTING:  CORNISH, C. J., SPEAR, KING, HANSON, MADIGAN, JJ.

CORNISH, C. J.   This is a petition for review.  The facts upon which it is based are these.  The Maine Realty Bureau on May 20, 1915, brought suit against one Abraham Goodside to recover commissions on the sale of certain real estate.  After the case was heard by a referee and an award made, judgment was entered on February 16, 1916, in favor of the Maine Realty Bureau for the sum of one hundred and twenty dollars debt or damage and twenty-five dollars and thirty-nine cents costs.

Prior to May 20, 1915, the date of instituting the suit, the petitioner, Israel Glovsky, had entered into a certain written agreement with Goodside whereby Glovsky had agreed to take care of any claim which might arise against Goodside for commissions growing out of the real estate sale.

Subsequent to the rendition of judgment in the suit brought by the Realty Bureau, Goodside brought suit against Glovsky on this written agreement, which suit is still pending.  Glovsky had no notice of the pendency of the suit against Goodside, was not present at the hearing, had no opportunity to defend, and now brings this petition for review of the judgment in that case, making both the Maine Realty Bureau and Goodside, who were the parties to the original suit, parties defendant in this petition as is the proper practice.  *Farnsworth, Pet'r,* v. *Kimball,* 112 Maine, 238-240.

The petitioner rests his right to a review upon R. S., (1916), Chap. 94, Sec. 1, paragraph III, viz:  "On the petition of a party in interest, who was not a party to the record, setting forth the fact of such interest" etc.

The sole inquiry therefore is this, can the petitioner be deemed "a party in interest," within the purview of this statute, under the admitted facts in this case?  These words at first reading would seem to have a wide scope and to include any person who might be interested in the suit.  But a "party in interest" is quite different from a "person in interest."  The former phrase is far more limited in its application.

Prior to 1859 a petition for review could be brought only by a party of record or one representing the interest of such party.  *Elwell* v. *Sylvester,* 27 Maine, 536; *Nowell* v. *Sanborn,* 44 Maine, 80, (1857).  Perhaps in consequence of a suggestion of the court in the latter case

the Legislature of 1859 extended the rights of review somewhat and passed the act in question which was Sec. 3 of Chap. 94 of Public Laws, 1859. The language of this original act giving the right to a "party in interest" who was not a party to the record fixes beyond doubt the precise meaning of the term. The provision was as follows: "An action prosecuted or defended by a party in interest who is not a party of record may be reviewed on petition of the party in interest" &c. In the revision of 1871, Chap. 89, Sec. 1, paragraph third, this section was condensed and the words "an action prosecuted or defended" were omitted. This condensation has been followed in subsequent revisions. But this abbreviation of itself should not be deemed a change of legislative intent. *St. George* v. *Rockland,* 89 Maine, 43; *Mitchell* v. *Page,* 107 Maine, 388. As the court said in *Martin* v. *Bryant,* 108 Maine, 256: "There has been no specific legislation authorizing the changing of the phraseology of the statute by striking out the words omitted. A change in phraseology in the reenactment of a statute in a general revision does not change its effect unless there is an evident legislative intention to work such change." Citing *Hughes* v. *Farrar,* 45 Maine, 72; *Cummings* v. *Everett,* 82 Maine, 260; *Taylor* v. *Caribou,* 102 Maine, 401-6.

It is obvious therefore from the language of the original act that by the party in interest who is permitted to bring a petition for review is meant one who has taken part in the prosecution or defense of the original suit. He was not a party of record, but having taken part in the case he was as firmly bound by the judgment therein as if he had been a party of record. The reason of the enactment is apparent. If one is bound by a judgment in the original suit, it is just that he should be given the right to bring a petition for its review. Hence it has been held that a warrantor who has been vouched in to defend a real action brought against his warrantee can bring a petition for review as a party in interest, because after such voucher the warrantor was bound by the judgment rendered therein even though she did not appear and defend the suit. *Farnsworth, Pet'r,* v. *Kimball,* 112 Maine, 238-240.

Had Glovsky, the indemnitor in this case, appeared and defended the action brought against Goodside, his indemnitee, or had Goodside notified him of the pendency of the suit and asked him to take upon himself its defense, he would then have been a party in interest. The rights and obligations of an indemnitor in a suit brought against his

indemnitee have been stated as follows: "When a person is responsible over to another, either by operation of law or by express contract, and notice has been given him of the pendency of the suit and he has been requested to take upon himself the defense of it, he is no longer regarded as a stranger to the judgment that may be recovered, because he has the right to appear and defend the action, equally as if he were a party to the record. When notice is thus given, the judgment, if obtained without fraud or collusion, will be conclusive against him, whether he has appeared or not." *Davis* v. *Smith*, 79 Maine, 351-6; *Penobscot Lumbering Ass'n* v. *Bussell*, 92 Maine, 256.

The converse is also true. If the indemnitor takes no part in the trial and has no notice of the action nor request to assume its defense, he is not bound by the judgment. He is a stranger to it and a judgment that is res inter alios is not admissible in evidence against him. *Snow* v. *Russell*, 94 Maine, 322.

In the case at bar, the indemnitor, who is the petitioner in review, took no part in the defense of the original suit against his indemnitee, was not requested to assume the defense, and knew nothing of it. It follows therefore that he has no standing under the statute to ask the review of a judgment to which he was and is a stranger.

In *Johnson* v. *Johnson*, 81 Maine, 202, a residuary legatee of a solvent testator sought to review an action brought by the administrator cum testamento annexo against an alleged debtor of the estate, on the ground that she was a "party in interest who was not a party to the record." The court denied the right and in the course of the opinion said: "It is evident therefore that not every one interested in an action or affected by its result should have leave to bring an action of review. He may be a party by record or a party in interest, but he should be a party, having the care or responsibility of the suit. This petitioner though interested, is clearly not a party in interest, such as the statute contemplates."

Our conclusion therefore is that the presiding Justice did not err in dismissing the petition as a matter of law, and the entry must be,

*Exceptions overruled.*