## UDELL *v.* LEEDY MANUFACTURING COMPANY.

[No. 12,743.    Filed November 4, 1926.    Rehearing denied January 25, 1927.]

MASTER AND SERVANT.—*Assigning, as error that Industrial Board erred in overruling appellant's motion to set aside the award presents no question.*—It is not necessary to move to set aside an award made by the Industrial Board in order to appeal therefrom and an assignment of error that the court erred in overruling such motion presents no question on appeal.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by William C. Udell, employee, opposed by the Leedy Manufacturing Company, employer. From an order denying compensation, the claimant appeals. *Affirmed.* By the court in banc.

*Edward C. Eikman,* for appellant.

*James W. Fesler, Harvey J. Elam, Howard, S. Young* and *Irving M. Fauvre,* for appellee.

THOMPSON, J.—Appellant filed his application for compensation against appellee who answered by a general denial. There was a hearing before one member of the Industrial Board resulting in an award in favor of appellant.

Appellee filed its application for a review, and at the hearing thereof, said board, by a majority of its members, rendered an award denying compensation. From this award, appellant appeals and assigns the following errors:    (1) That said award is not sustained by the evidence.    (2) That said award is contrary to law.    (3) There was error in the overruling of appellant's motion to set aside the order of the full board that plaintiff take nothing by his complaint and the further order that plaintiff pay the costs of this proceeding, said order being dated February 26, 1926.    (4) There was error in the overruling of appellant's motion to set aside the

order of the full board, granting the appellant the right to appeal to the Appellate Court on or before April 26, 1926, and file any and all bills of exceptions for signature and approval by the president and secretary of said Industrial Board.

Since we are considering the bill of exceptions as being in the record, it is unnecessary to say anything about the third and fourth assignments of error except that the matters complained of in said assignments of error are not recognized as proper modes of practice in cases arising under the Workmen's Compensation Act. See *Union Sanitary Mfg. Co. v. Davis* (1917), 63 Ind. App. 548, 114 N. E. 872; *Campbell, etc., Co. v. Souders* (1917), 64 Ind. App. 138, 115 N. E. 354.

Although appellant earnestly insists there is none, we find that there is evidence to sustain the award, and it is not contrary to law.

Affirmed.