## SIPPLE ET AL. v. HALTOM.

[No. 12,997. Filed October 28, 1927.]

1. MASTER AND SERVANT.—*Title page of transcript of proceedings before Industrial Board of no force or effect on appeal.*— On appeal from an award of the Industrial Board under the Workmen's Compensation Act, the title page of the transcript of the proceedings before the board, on which the reporter for the board has set out the title of the proceeding, the names of the attorneys appearing for the claimant and defendant, and the dates when the several hearings were had, is no part of the transcript of the proceedings and, therefore, of no force or effect. p. 433.

2. MASTER AND SERVANT.—*Insurance company joining with employer in appealing from award of Industrial Board has no standing and appeal could be dismissed or judgment affirmed.* —On appeal from an award of compensation by the Industrial Board, a joint assignment of error by the employer and an insurance company which was not a party to the proceeding, there being nothing to show that the insurance company had an appealable interest, the appeal could be dismissed or affirmed in accordance with the rule that when several parties join in an assignment of errors, the assignment is unavailing unless it is good as to all joining therein. p. 433.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Mary Ann Haltom for the death of her husband, Morris W. Haltom, opposed by Frank Sipple, William Dickey and James Sipple, employers. From an award of compensation, the employers and an insurance company appeal. *Affirmed.* By the court in banc.

*Rynerson, Bryer & Shinn* and *O. F. Smith,* for appellants.

*Hays & Murphy,* for appellee.

McMAHAN, J.—Mary Ann Haltom filed her application with the Industrial Board for compensation because of the death of her husband, Morris W. Haltom, which is alleged to have been the result of an accidental injury which arose out of and in the course of his employ-

ment by Frank Sipple, William Dickey and James Sipple as partners. On final hearing, compensation was awarded in the sum of $7.70 per week for not to exceed 300 weeks. Following the award, the three named defendants and the Indiana Liberty. Mutual Insurance Company filed a praecipe for a transcript for use in an appeal to this court. The three named defendants and the named insurance company have filed in this court their joint assignment of error, asking that the award be reversed on the ground that it is contrary to law.

Appellee calls attention to the fact that the proceeding before the board was against the three named individuals as partners; that the award was against

1. them and that the insurance company was not named in the proceedings or in the award, and insists that the appeal should be dismissed. There is nothing in the assignment of error showing the insurance company to be in any way affected by the award. Appellants call attention to what they designate as the "Title page" of the transcript, on which the reporter for the Industrial Board purports to set out the title of the proceedings, the dates when the several hearings were had and the names of the lawyers appearing for the plaintiff and the defendants, and where the insurance company is named as a defendant. This page is no part of and does not purport to be a part of the proceedings before the board.

In *Campbell, etc., Co.* v. *Souders* (1917), 64 Ind. App. 138, 115 N. E. 354, the employer was the only defendant named in the proceedings until after an award

2. had been made, after which the employer and an insurance company filed a joint motion for a new trial, which was overruled on the ground that such a motion was not contemplated by the compensation act. An appeal was taken, a joint assignment of errors being

filed by the employer and the insurance company. A motion to dismiss was sustained on the ground that there was nothing to show the insurance company had an appealable interest. So, in the instant case, there being nothing to show that the insurance company appealing has an appealable interest, the appeal might, under the case heretofore referred to, be dismissed, although we are of the opinion that the better practice is not to dismiss, but to affirm in accordance with the rule that when several parties unite in a joint assignment of errors, the assignment will be unavailing, unless it is good as to all joining therein, as was done in *Carr* v. *Carr* (1894), 137 Ind. 232, 36 N. E. 899.

We are prompted to say that a decision on the merits would lead to the same result.

Award affirmed.

Dausman, J., absent.