### SOUTHERN SURETY CO. et al. v. ARTER.
#### No. 1311—5814.

Commission of Appeals of Texas, Section B.
Jan. 6, 1932.

Horace C. Bishop, of Dallas, and Gentry & Gray, of Tyler, for plaintiffs in error.

William V. Brown, of Texarkana, and Thomas G. Pollard, of Tyler, for defendant in error.

### LEDDY, J.

The Industrial Accident Board made an award in favor of John J. Arter, defendant in error, against the Southern Surety Company, who had issued a policy under the Workmen's Compensation Law (Vernon's Ann. Civ. St. art. 8306 et seq.) to Arter's employer.

As a predicate for an appeal to the district court, and within the time required by law, a notice signed by the Southern Surety Company and the Southern Surety Company of

New York was filed with the Industrial Accident Board. This notice reads as follows:

"You are hereby notified that the Southern Surety Company of New York does not and will not agree to comply with and abide by the award made by the Industrial Accident Board in the above entitled case on the 3rd day of May, A. D. 1929, wherein compensation was awarded said John J. Arter at $12.12 per week and wherein a certain portion of which was awarded to Wm. V. Brown, attorney-at-law, Texarkana, Texas.

"You are further notified that the Southern Surety Company of New York will bring suit in a court of competent jurisdiction within 20 days after the making of.this notice, to set aside and hold for naught the said mentioned award.

"Southern Surety Company and

"Southern Surety Company of New York

"By A. D. Nowakowsky"

Subsequent to the giving of this notice, and within proper time, the Southern Surety Company and the Southern Surety Company of New York filed their petition in the district court of the county in which defendant in error was injured, seeking to set aside the award thus made against the Southern Surety Company.

The record shows that in the district court the following agreement was made between the parties:

"It is agreed by and between the parties to this suit that both plaintiffs at all the times herein mentioned had a permit to do business in the State of Texas from the Commissioner of Insurance.

"It is further agreed that at the time the award was made in this case against Southern Surety Company the Southern Surety Company of New York had already taken over and re-insured the insurance in this cause and all other compensation business theretofore written by the Southern Surety Company, and said Southern Surety Company of New York had taken over the reserves theretofore set aside by the Southern Surety Company for said claims and had assumed the liability on said claims, and that said action on the part of said companies was presented to and approved by the Commissioner of Insurance of the State of Texas.

"It is further agreed by and between the parties to this suit that at the time the said John J. Arter received his injury on the 11th day of December, 1928, Gifford, Hill & Company, Incorporated, was a subscriber under the Workmen's Compensation Act of the State of Texas and carried a policy of workmen's compensation insurance on its employees issued by the Southern Surety Company, which was taken over sometime during the year 1928 by the Southern Surety Company of New

York and prior to the injury of the said John J. Arter herein complained of."

Upon the trial, the defendant in error, by proper plea, challenged the jurisdiction of the district court to set aside the award of the Industrial Accident Board, for the reason that the Southern Surety Company, against whom the award was made, failed to file the notice required by the statute that it would not abide by the award of the Industrial Accident Board, and that it would file suit in the district court to set the same aside. This plea of defendant in error's was overruled. At the close of the evidence, the trial court peremptorily.instructed the jury to render a verdict against defendant in error on his cross-action under the view that the injuries for which he sought compensation were not compensable under the Workmen's Compensation Law.

Upon appeal, the Court of Civil Appeals decided that the district court should have rendered judgment dismissing plaintiff in error's attempted appeal from the decision of the Industrial Accident Board, on the ground that the Southern Surety Company, against whom the award was made, had failed to file the notice required by the statutes of this state that it would not abide by such award, and that it would bring suit to set the same aside.

It is undisputed that the Southern Surety Company of New York was not a party to the proceeding for compensation filed by defendant in error before the Industrial Accident Board. In that proceeding, the claimant sought an award only against the Southern Surety Company. The award was made against that company. There is nothing in the record of the trial before the Industrial Accident Board showing that the Southern Surety Company of New York was in any way interested.in this claim prior to the filing of its notice that it would not abide by the award made by the board.

The question presented for determination is whether the Southern Surety Company of New York, admittedly not a party to the proceeding before the Industrial Accident Board, is an "interested party," within the meaning of the statute, so as to give it a right of appeal from the award of the Industrial Accident Board.

In Ruling Case Law, volume 20, p. 662, the author defines the term "parties," when used in a statute in connection with legal proceedings, as follows: "Parties. are those named as such in the record, and who are properly served with process or enter their appearance."

In the City of Dallas v. Armour & Co. (Tex. Civ. App.) 216 S. W. 222, it was determined "party" and "parties" when used in connection with suits or actions were technical

words, and should be given their ordinary signification as such. This case but followed the doctrine laid down by our Supreme Court at an early date in the case of Winston v. Masterson, 87 Tex. 200, 27 S. W. 768, wherein it adopted the holding of another that a "party" is the one by or against whom a suit is brought; the party stated in the writ on the record. It was there determined that all others who may be incidentally or consequentially affected were persons interested, but not parties.

It has been held that where a suit is brought by plaintiffs suing for themselves, and on behalf of all others similarly interested, the persons not named are not parties within the Constitution, article 5, § 11, prohibiting any judge from sitting in any case where either of the parties may be connected with him by affinity or consanguinity, and this is true, notwithstanding the judge, as a member of the class in whose behalf the suit is brought, is bound by the judgment rendered in such proceeding. International & G. N. R. Co. v. Anderson (Tex. Civ. App.) 174 S. W. 305; Texas Employers' Ins. Ass'n v. Davidson (Tex. Civ. App.) 290 S. W. 871; City of Dallas v. Armour & Co., supra.

An examination of the authorities in other jurisdictions where these terms have been construed discloses similar holdings. A statute of Maine permitted an appeal by a "party in interest." Under this statute, it was decided that where an indemnitor did not participate in the trial, and has no notice of the action nor request to assume its defense, he is not bound by the judgment and will not be permitted to appeal therefrom. Glovsky v. Maine Realty Bureau, 116 Me. 378, 102 A. 113.

In Bean's Case, 176 N. E. 528, the Supreme Court of Massachusetts, in construing the Workmen's Compensation Law of that state, held that a physician who attended an injured employee was not a "party" to the compensation proceeding, and an appeal by him from a decree refusing allowance of his bill for services rendered the employee was denied, even though it appeared the injured employee had petitioned the board for payment of the physician's charges.

A statute of New York gave the right of appeal to any "party affected." This language was construed by the courts of that state to mean only such persons who were technical parties to the action, or their representative. Martin v. Kanouse, 2 Abb. Prac. (N. Y.) 390.

A Nebraska statute provided the right of review of the decision on an application for a liquor dealer's license to "any party interested." Under this statute, it was concluded that those joining the applicant in petition for license were not "parties interested" within the meaning of the statute.

Similarly, the Supreme Court of Illinois determined that "parties" to a decree in the eyes of the law are those only who are named as such in the record, and are properly served with process or enter appearance. Orthwein v. Thomas, 127 Ill. 554, 21 N. E. 430, 4 L. R. A. 434, 11 Am. St. Rep. 159.

The same effect is given to the word "parties" when used in connection with suits or actions by the decisions in the following cases: Idaho Irrigation Co. v. Dill, 25 Idaho, 711, 139 P. 714; State v. Tri-State Telephone & Telegraph Co., 146 Minn. 247, 178 N. W. 603; Weibke v. City of Fort Wayne, 64 Ind. App. 38, 115 N. E. 355; Sipple v. Haltom, 86 Ind. App. 432, 158 N. E. 486; Douglass v. Gardner, 63 Me. 462; Hunt v. Haven, 52 N. H. 169; Robinson v. Board of Com'rs, 37 Ind. 335; Walker v. Hill, 21 Me. 482; Farrar v. Parker, 3 Allen (Mass.) 557; Thayer v. Overseers of Poor, 5 Hill (N. Y.) 443; Cooke v. Cooke, 41 Md. 369; Owens v. Gotzian, 4 Dill. 438, Fed. Cas. No. 10634; Seeley v. Clark, 78 N. Y. 220.

Plaintiff in error, the Southern Surety Company of New York, in effect, concedes that if the Legislature in granting the right to review an award of the Industrial Accident Board had confined such right to a "party," then it would not have the right of appeal in this case. It is asserted, however, that the addition of the word "interested" brings it within the class the Legislature intended should be granted the right of appeal from an award of the board. It is suggested that if the statute be not given this interpretation, then the use of the word "interested" would be meaningless, and that we should not presume that the law-making body did not intend such word to be given some meaning.

It occurs to us that the word "interested" was used by the Legislature for the deliberate purpose of bringing the statute within the general rule so as to operate to deny even a party to the proceeding any right of appeal unless he is aggrieved by the award made by the Industrial Accident Board. 3 C. J. § 480, p. 623. In other words, one may be a party to a proceeding before the Industrial Accident Board and yet not be entitled to appeal from the judgment rendered in such proceeding. Under the statute which grants the right of appeal only to an "interested party," no one, even a party to the proceeding, could avail himself of such right unless he should be adversely affected by the award entered. We think the word "interested" was no doubt added for this purpose, and not with the idea of granting to those not actual parties to the record a right of review.

Plaintiff in error, the Southern Surety Company of New York, having by contract

assumed the liabilities of the Southern Surety Company, which included the cause of action claimed by defendant in error, had the legal right to intervene before the Industrial Accident Board and thus make itself a party to the proceeding in which the defendant in error claimed compensation from the Southern Surety Company. If it had done so, it would have been in position, as a "party interested," to have prosecuted its appeal from any award adverse to its interests.

So far as appears from the record of the Industrial Accident Board in the compensation proceeding instituted by defendant in error, the Southern Surety Company of New York was a total stranger. Its interest in this matter was not made to appear in any way in the proceeding before that tribunal. It could no more deprive the board of the right to enforce an award against another by giving notice that it would not abide by same than could any other stranger to the proceeding. To hold that persons not parties to the record, but who may be interested or aggrieved by an award entered by the Industrial Accident Board, have the right to appeal therefrom would be to sanction the proposition that any stranger by merely giving notice that he will not abide by the award can delay the enforcement of the same to some indefinite time in the future when his interest may or may not be shown in a trial of the case in the district court. We do not think any such result was contemplated by the Legislature when it made provision for a review of the awards made by the Industrial Accident Board. If such had been the intention, the law-making body would doubtless have granted the right of appeal to any "person interested," and required the interest of the party attempting an appeal to be disclosed, as it did in making provision for a review by the district court of judgments of the probate court entered in administering the estates of decedents.

From what we have said, it follows that the notice given by the Southern Surety Company was insufficient to confer jurisdiction upon the district court in this cause, as it did not recite that said company would not abide by the award against it, or that it would institute suit to set the same aside.

We therefore recommend that the judgment of the Court of Civil Appeals reversing the judgment of the district court and dismissing the cause be affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals reversing the judgment of the district court and dismissing the cause is affirmed, as recommended by the Commission of Appeals.