

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00465-CV

---

MCCLENNON COOK                                                     APPELLANT

V.

ROBIN M. MOUNTAIN AND TEXAS                  APPELLEES
DEPARTMENT OF INSURANCE,
DIVISION OF WORKER'S
COMPENSATION

---------

### FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

---------

## MEMORANDUM OPINION[1]

---------

### I. Introduction

In five issues, Appellant McClennon Cook, appearing pro se, appeals the dismissal of his claims related to an on-the-job injury. His first four issues address the sufficiency of evidence presented in the administrative hearing on his worker's compensation claim, and the fifth addresses the dismissal by the

---

[1]*See* Tex. R. App. P. 47.4.

trial court of cause number 017-239433-09 for want of prosecution. Based on our review of the record, we do not reach any of these issues, and we affirm the dismissal of his case.

## II. Discussion

On May 15, 2009, the appeals panel of the Department of Insurance, Division of Worker's Compensation (the Division) filed its decision upholding the hearing officer's decision and order denying Cook's August 4, 2006 worker's compensation claim.

On August 7, 2009, Cook filed a petition for writ of mandamus against "Robin M. Mountain et al Greyhound Line Inc.," asking the trial court to compel the parties to respond and asserting that on June 5, 2009, he filed his original petition in the trial court regarding the appeals panel decision.[2] Cook specifically complained that "opposing party Robin M. Mountain has failed to file any response in this cause of action," and he asked that mandamus relief be granted to compel Mountain to answer.[3]

Cook attached a copy of the hearing officer's decision and order to one of his appellate filings. Under the order finding that the insurance company was not liable for benefits, the document contains the following information:

---

[2]No original petition filed to initiate the lawsuit is included in the record.

[3]Cook filed a petition for writ of mandamus requesting the same relief in this court on November 19, 2009. We denied the petition. *See In re Cook*, No. 02-09-00415-CV, 2009 WL 4547060, at *1 (Tex. App.—Fort Worth Dec. 1, 2009, orig. proceeding) (mem. op.).

The true corporate name of the insurance carrier is ACE AMERICAN INSURANCE COMPANY and the name and address of its registered agent for service of process is

ROBIN M. MOUNTAIN
6600 CAMPUS CIRCLE DRIVE EAST, SUITE 300
IRVING, TEXAS 75063

Referencing the same document, Mountain argues that he is not a proper party to the underlying district court litigation or this appeal.

Cook states the following in his reply to Mountain's argument: "Appellant Cook asserts that the DWC Decision and Order Page-(4) of the order designates the true corporate name of the insurance carrier is Ace American Insurance Company and the name of it's [sic] 'Registered Agent for service of process is Robin M. Mountain.'" Therefore, Cook argues, Mountain *is* the proper party to this suit.

Cook is incorrect. Mountain is merely the registered agent listed for the proper party—the insurance company. Cook did not sue the insurance company in this lawsuit.[4]

Labor code section 406.031 states that "[a]n *insurance carrier* is liable for compensation for an employee's injury" if at the time of the injury, the employee is subject to "this subtitle"—addressing the coverage requirements under worker's compensation—and the injury arises out of and in the course and scope

---

[4]Cook acknowledged in his mandamus petition that he originally filed his worker's compensation claim with the Division against Ace American Insurance Company.

of employment. *See* Tex. Lab. Code Ann. § 406.031 (West 2006) (emphasis added). That is, the employee and the insurance carrier are the only parties with an interest in the outcome of litigation following the exhaustion of administrative remedies in a worker's compensation case. *See Johnson v. United Parcel Serv.*, 36 S.W.3d 918, 919–20 (Tex. App.—Dallas 2001, pet. denied) (affirming dismissal of employee's worker's compensation appeal for want of jurisdiction when employee filed suit against his employer instead of the employer's insurance carrier). And as in regular tort litigation, a claimant under the worker's compensation system must correctly name the opposing party or parties in his district court litigation, and his time limit for filing suit continues to run until such time as the proper parties are joined. *See id*. at 921 (citing *Enserch Corp. v. Parker,* 794 S.W.2d 2, 5 (Tex. 1990) (describing misidentification of parties)).

"[A]n entity is *not* a party to a lawsuit without being so named." *Reynolds v. Haws*, 741 S.W.2d 582, 589 (Tex. App.—Fort Worth 1987, writ denied) (citing *S. Surety Co. v. Arter*, 44 S.W.2d 913, 914–16 (Tex. Comm'n App. 1932, judgment adopted));[5] *see also Werner v. Colwell*, 909 S.W.2d 866, 869–70 (Tex. 1995) (op. on reh'g) ("Judgment shall not be rendered against one who was neither named nor served as a party defendant."). Further, "a corporation's registered agent is not the corporation." *Louis v. Disc. Tire Co. of Tex., Inc.*, 1

---

[5]In *Reynolds*, a zoning case involving an administrative hearing-appeal process, we held that dismissal was proper because the board of adjustment was an indispensable party and the petition naming the board of adjustment as a party was not timely filed. 741 S.W.2d at 587–89.

S.W.3d 698, 700 (Tex. App.—Amarillo 1999, no pet.) (stating that when a plaintiff sues a corporation as an independent entity, the corporation—not the registered agent—is the actual litigant sued). And "[a] suit mistakenly filed against the wrong defendant imposes no duty on the correct defendant to intervene and point out plaintiff's error. Moreover, the rule applies even though the correct defendant may have known of the suit." *Matthews Trucking Co. v. Smith*, 682 S.W.2d 237, 239 (Tex. 1984). As noted above, Cook did not sue the insurance company in the trial court.

Further, the applicable version of labor code section 410.252(a) sets out that Cook's filing deadline to seek judicial review of the appeals panel decision was "not later than the 40th day after the date on which the decision of the appeals panel was filed with the division." Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 987, 1209 (amended 2003, 2009) (current version at Tex. Lab. Code Ann. § 410.252 (West 2006 & Supp. 2011)).[6] The filing deadline under section 410.252(a) is mandatory and jurisdictional, and if the proper party is not named within the statutory time limit, the employee's suit

---

[6]The 2003 amendments added subsections (c) and (d) but did not change subsection (a). *See* Act of May 28, 2003, 78th Leg., R.S., ch. 663, § 1, 2003 Tex. Gen. Laws 2082, 2083 (amended 2009) (current version at Tex. Lab. Code Ann. § 410.252 (West 2006 & Supp. 2011)). The 2009 amendment changed the time to file suit to "not later than the 45th day after the date on which the division mailed the party the decision of the appeals panel"; it states that the mailing date, for purposes of this section, is considered to be the fifth day after the date the appeals panel decision was filed with the division. Tex. Lab. Code Ann. § 410.252(a) (West 2006 & Supp. 2011).

should be dismissed. *See Johnson*, 36 S.W.3d at 921 (noting that because the period to file in the trial court regarding the appeals panel decision had run, appellant could not amend his suit to sue the insurance carrier and maintain the district court's jurisdiction); *Roberts v. Tarrant Cnty. Junior Coll*., 842 S.W.2d 835, 836–37 (Tex. App.—Fort Worth 1992, writ denied) (affirming dismissal for want of jurisdiction when amended petition suing proper party was not filed within mandatory statutory period).

The appeals panel decision was filed on May 15, 2009, giving Cook until June 24, 2009 to file suit against the insurance carrier. *See* Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 987, 1209 (amended 2003, 2009). Cook allegedly filed his original petition in the trial court against Mountain and Greyhound Line Inc. on June 5, 2009, and he filed his petition for writ of mandamus regarding these parties on August 7, 2009. Because Cook failed to sue the proper party—Ace American Insurance Company—within the allotted time period under section 410.252(a), dismissal of his suit was proper. Our disposition here renders moot Cook's issues, and we affirm the trial court's judgment.

PER CURIAM

PANEL:  MCCOY, DAUPHINOT and GARDNER, JJ.

DELIVERED:  January 12, 2012

6